JOHN W. HUTCHINSON, Plaintiff, *v.* FRED C. WESTON, Defendant.

Supreme Court, Montgomery County, June 11, 1936.

*Gordon A. Hough*, for the plaintiff.

*Fred D. McIntosh*, for the defendant.

ZOLLER, J. Plaintiff obtained a judgment against defendant by default for $128, in an action brought in Supreme Court, Montgomery county. Said judgment was entered on April 24, 1936. Thereafter, and on June 13, 1936, plaintiff obtained an order of this court for the examination of said judgment debtor, defendant herein, in supplementary proceedings. In the affidavit of the attorney for the judgment creditor there was a recital that the judgment was docketed and the judgment roll filed in the office of the clerk of the county of Herkimer on April 29, 1936. This, however, was not the fact, and when the judgment debtor, the defendant herein, appeared before the referee designated in said order, he refused to be examined, on the advice of counsel, who appeared specially and raised the question of the inaccuracy of the affidavit. Nothing appears to have been done or accomplished before the referee at that time, except a general discussion was had between the referee and counsel in regard to the effect and construction of the new provisions relating to proceedings supplementary to judgment which were added to the Civil Practice Act (§§ 773–810) by chapter 630 of the Laws of 1935, and which went into effect on September first of that year, and which repealed the former provisions of article 45 of the Civil Practice Act relating to proceedings supplementary to execution. In any event, a few days later, plaintiff, through his attorney, again applied for an order for the examination of the defendant before the same referee, and in his affidavit stated that the judgment roll herein had been filed in Montgomery county on April twenty-fourth, and that a transcript thereof had been duly filed in Herkimer county on April twenty-ninth. By the terms of this order, the judgment debtor was again directed to appear before the same referee at his offices at a time specified therein. The judgment debtor did appear at the time

and place designated and was accompanied by his counsel, who again objected to the irregularity of the proceedings and advised his client, this defendant and judgment debtor, not to be sworn and examined. Defendant's attorney appeared specially on this second occasion before the referee and filed a written notice of appearance with a statement of some of his reasons for objecting, and asked for a ruling thereon by the referee, but no such ruling was made.

Upon these facts, plaintiff now seeks to have this defendant punished as and for a contempt of court for his refusal to take the oath as a witness on the second occasion before said referee. That motion was returnable before me at the same time a show cause order obtained by the defendant was also returnable before me.

Defendant in his application seeks to have the judgment against him vacated and set aside, and his default, in answering plaintiff's complaint, opened, and that he be permitted to serve an answer and defend said action.

I am not inclined, in view of the peculiar circumstances involved, to grant plaintiff's motion that the defendant be punished for contempt of court. It seems to me that the practice followed by plaintiff's counsel was that prescribed by the old provisions of said article 45, which were repealed, as stated, by chapter 630 of the Laws of 1935. A proceeding of this kind is statutory, and every requirement of the statute must be strictly and carefully complied with, otherwise there is lack of jurisdiction. (*Title Guarantee & Trust Co.* v. *Brown*, 136 App. Div. 843.)

Among the objections filed with the referee, and urged by defendant's counsel in opposition to the relief which plaintiff seeks on this application, was that the first proceedings in which the judgment debtor was ordered to attend and be examined before the referee on June 23, 1936, were still pending when the second proceedings were commenced wherein he was ordered to attend before said referee and be examined on July ninth, contrary to the provisions of said article 45, as amended. Counsel for defendant herein, the judgment debtor in said proceedings, contends that under the new provisions of said article 45, the informality or irregularity which appeared in the affidavit upon which the first order was granted could have been and should have been corrected or amended by the referee without having a new order granted by the court upon a second affidavit, wherein the error was corrected and the court's attention called to the correction. I think that counsel may be correct in this respect, in view of the greater authority and the enlarged jurisdiction which apparently are now vested in a referee in proceedings of this kind under the law as amended. It

does appear that counsel for plaintiff did use, in both proceedings which he brought, printed forms which evidently complied with the provisions of article 45 before they were amended by chapter 630 of the Laws of 1935, which went into effect on September first of that year. In both proceedings the referee was ordered " to certify to this court all the evidence and the other proceedings taken before him under and by virtue of this order with all convenient speed." Section 785 of the Civil Practice Act, as amended, that being one of the sections contained in said article 45, provides in part that the court " may make an order directing that any examination or testimony be taken by, or that a question arising be referred to a referee designated in the order for hearing and report, together with his opinion thereon. A referee shall have power  *  *  * to determine any questions of law arising during the proceeding." The old law (§ 786) provided that the referee " must certify to the judge to whom the order is returnable all the evidence and the other proceedings taken before him." But in disposing of this motion, I do not believe it is necessary to decide that particular question.

It seems to me that counsel's position regarding the pendency of two proceedings is well taken. Section 802 of article 45 carries a designation or headnote as follows: " Duration and adjournment, discontinuance, dismissal, or closing of proceedings," and the section reads in part as follows: "A proceeding under this article shall continue until closed or discontinued by consent or discontinued, dismissed or closed by order of the court.  *  *  *  * A proceeding shall not be deemed closed or abandoned by reason of any irregularity upon an adjournment.  *  *  * A proceeding hereunder upon application of the creditor may be discontinued at any time."

It appears here, and it is not disputed, that the first proceedings were not closed or discontinued by consent of the parties, nor were they discontinued, dismissed or closed by order of the court, and, furthermore, that they were not discontinued upon the application of the creditor.

Counsel for plaintiff argues that if some such disposition had been made of the first proceedings, then, according to the provisions of section 775 of article 45, as amended, no further proceedings could be instituted except by order of the court, which shall be granted " (1) upon showing that two years have elapsed since the last examination of the judgment debtor  *  *  * or (2) that there is reason to believe the judgment debtor has property or income  *  *  * which may be reached under the judgment." In other words, he takes the position that there is only one proceed-

ing pending, otherwise plaintiff would be barred from bringing any further proceedings, except as provided in said section 775.

It seems to me that the provisions of section 775 hereinabove quoted are applicable and operative only in case, as stated therein, " a proceeding shall have been instituted and closed," and that those provisions have no application or effect where a proceeding is discontinued by consent or discontinued or dismissed by order of the court, or discontinued upon application of the creditor. The term " closed " is also used in subdivision 2 of said section 802, in connection with the satisfaction or vacation of the judgment upon which the proceedings are brought, thereby indicating more clearly the restricted sense in which the word " closed " is to be considered. All of this, it seems to me, supports, at least indirectly, the argument of defendant's counsel that the referee had the authority and that it was his duty under the new law to correct the informality or irregularity which appeared in the first proceedings, so that those proceedings could have been continued until either discontinued, dismissed or closed in the manner stated in said section 802.

I think sufficient reference has been made in this memorandum, both to the facts and to the law and the uncertainty of its interpretation, to indicate that no court would be justified under the circumstances, in granting plaintiff's application to have the defendant, the judgment debtor in said supplementary proceedings, punished as and for " a contempt of court for refusal to take the oath as a witness herein on the 9th day of July, 1936 * * * before the referee appointed herein," and plaintiff's application is, therefore, denied, without costs.

Referring to defendant's motion that the judgment against him be vacated and set aside and the default opened, and that he be allowed to serve an answer and defend the action against him, argued and submitted as a cross-motion, at the time plaintiff's application was returnable, I do not believe it is proper for me, in the exercise of sound discretion, to grant that motion, although I fully realize the right of a party to an action to have his day in court. But the facts here, both those which are undisputed and those which are put at issue by the affidavits of the parties, satisfy me that defendant has forfeited any such right and that he has no defense on the merits to plaintiff's action against him.

Defendant's motion is, therefore, denied, without costs.

Orders may be submitted accordingly.