PAULINE HEFT, WILLIAM HEFT, ROSE PURO and BENJAMIN PURO, Respondents, v. JOSEPH J. SINGER et al., Appellants. (Action No. 1.) JOSEPH J. SINGER, Appellant, v. ARTHUR ROSEN, by His Guardian ad Litem, MICHAEL TRILLING, Respondent. (Action No. 2.) — An automobile owned and operated by Joseph J. Singer collided with an automobile owned and operated by defendant Arthur Rosen at a time when the latter automobile was standing on a parkway. In action No. 1 plaintiffs, passengers in the Singer automobile, seek recoveries for personal injuries sustained by them, and the male plaintiffs also seek recovery for medical expenses and loss of services. In action No. 2 Singer seeks recovery of defendant Rosen for property damage. Singer appeals from the judgment entered against him in favor of plaintiffs in action No. 1 and from the judgment entered in favor of defendant in action No. 2. Rosen appeals from so much of the judgment as was entered against him in favor of the plaintiffs in action No. 1. Judgment in favor of plaintiffs in action No. 1, insofar as appealed from, unanimously affirmed, with costs. Judgment in favor of defendant Rosen in action No. 2, unanimously affirmed, with costs. No opinion. Present — Close, P. J., Hagarty, Carswell, Adel and Aldrich, JJ.

SAM HOFFMAN, Respondent, v. IDA HOFFMAN, Appellant. (Action No. 1.) ROSE EHRLICH, Respondent, v. DAVID EHRLICH, Appellant. (Action No. 2.) — In these divorce actions, order directing that they be tried together, under the provisions of section 96-a of the Civil Practice Act, reversed on the law and the facts, with $10 costs and disbursements, and the motion denied, with $10 costs. In our opinion, it cannot be said that these actions grew " out of the same set of facts," as provided in section 96-a of the Civil Practice Act, nor that they can be tried together " without prejudice to a substantial right " of defendants. Close, P. J., Hagarty, Carswell, Adel and Lewis, JJ., concur.

In the Matter of IDA SOLOT, as Administratrix of the Estate of JACK SOLOT, Deceased, Respondent. MILDRED FINKELSTEIN, Appellant.— Decree of the Kings County Surrogate's Court insofar as appealed from unanimously affirmed, with costs. No opinion. Present — Close, P. J., Carswell, Johnston, Adel and Aldrich, JJ.

In the Matter of the Application of FRANK SZELEST et al., Appellants, to Remove to the Supreme Court, Kings County, an Action now Pending in the City Court of the City of New York, Kings County, Entitled " Frank Szelest and Leon Crawford, Plaintiffs, v. Brooklyn and Queens Transit Corporation, Defendant." BROOKLYN AND QUEENS TRANSIT CORPORATION, Respondent.— Order denying plaintiff Szelest's motion to transfer his cause of action from the City Court, Kings County, to the Supreme Court, and for other relief, affirmed, with $10 costs and disbursements. No opinion. Close, P. J., Hagarty, Carswell, Adel and Lewis, JJ., concur.

ABRAM KONNIGHT, Doing Business as RAMAPO MOTOR LINES, Judgment-Creditor-Appellant, v. JAMES W. TERPAK, Judgment-Debtor-Respondent.— Order of the County Court of Rockland County, granting the motion of the respondent to open his default in pleading to the complaint, to vacate and set aside the judgment entered against him by default, and to vacate and set aside contempt proceedings in supplementary proceedings, affirmed, without costs. Upon the proof adduced in affidavit form, and in the absence of any request by the appellant for a hearing, we are of opinion that there should be no interference with the discretion of the court in granting the relief sought by the respondent. Close, P. J., Hagarty, Carswell, Adel and Lewis, JJ., concur.