Walter R. Hart, J.
Defendant wife moves to punish plaintiff for contempt for failure to pay $300 in alimony and $200 in counsel fees, and for “ such other and further relief as to the. court may seem just and proper.”
Plaintiff had heretofore brought an action to annul his marriage to defendant. After trial his complaint was dismissed and judgment was entered thereon on January 29, 1958, whereupon plaintiff filed a notice of appeal. On defendant’s motion an order was entered on June 19,1958 directing the plaintiff to pay to the defendant wife ‘ ‘ during the pendency of such appeal and its determination,” the sum of $20 weekly for her maintenance and support and $400 in counsel fees in two'equal installments. The first installment has been paid; the second installment was due when the cause appeared on the calendar in the Appellate *637 Division for argument. After plaintiff paid the first installment of counsel fees and made several payments of the alimony, pendente lite, he moved for an order to be relieved of the obligation to pay the balance of the counsel fee and the alimony, predicating his application on his alleged inability to pay because of his loss of employment. This motion was denied.
On January 13, 1959, defendant procured an order directing plaintiff to show cause why he should not be punished for contempt because of his failure to make the payments. This order, returnable January 23, 1959, could not be served timely, whereupon defendant obtained another order to show cause, returnable February 24, 1959. It is with this latter application that we are presently concerned. In the interim, on February 2, 1959, the Appellate Division (7 AD 2d 911) rendered a decision affirming the judgment of the dismissal of the complaint and an order was entered in the office of the clerk of the Appellate Division. On February 3, 1959, plaintiff was served with the order to show cause.
Plaintiff has predicated his resistance to the motion on two grounds, to wit: that he lacks financial ability to comply therewith because of his loss of employment, and that since the appeal was determined prior to the service of the order to show cause, the court lacks jurisdiction to punish him for contempt. It is the court’s opinion that this latter contention is well founded in authority. In the case of Mittman v. Mittman (263 App. Div. 384) plaintiff, after entering judgment upon the trial of the issues of the action in her favor, moved to»punish defendant for contempt and her application was granted at Special Term. The Appellate Division, in reversing, stated at page 385: “It is our view that the court erred in granting plaintiff’s motion to punish the defendant for contempt. After the entry of judgment it is too late to enforce by contempt the payment of alimony pendente lite. The rule seems established in this State that all proceedings to compel the payment of temporary alimony must be taken during the pendency of the action and the life of the order.”
In Prothers v. Prothers (283 App. Div. 747) the court reversed an order punishing defendant for contempt for failure to pay alimony pendente lite, after granting of a separation, stating: ‘ ‘ Enforcement by contempt proceedings of an order providing for alimony pendente lite is not permitted after entry of final judgment in the action. ’ ’
In Polizotti v. Polizotti (305 N. Y. 176, 179) the rule is succinctly stated by the Court of Appeals as follows: “ We have held that the right to enforce payment of temporary alimony ends *638 when the action in which it was awarded is terminated by settlement, abandonment, discontinuance, or dismissal of the complaint,” (Cases cited.)
While an action in which a judgment has been rendered is deemed to continue to exist pending an appeal, upon the determination of the Appellate Division on that appeal the litigation is deemed at an end upon the entry of the order in the office of the clerk of the Appellate Division. The circumstance that the ministerial act of filing the remittitur with the County Clerk as required by section 621 of the Civil Practice Act has not been complied with is not material to the issue as to whether the litigation is continuing (Thorne v. Thorne, 210 App. Div. 55).
The case of Mazer v. Mazer (276 App. Div. 733, mod. 301 N. Y. 774) cited by defendant, is readily distinguishable. There the order adjudging the defendant in contempt and the order of commitment were outstanding at the time of the entry of the final judgment in favor of the wife.
In view of the foregoing, it is the opinion of the court that it lacks the authority to grant defendant’s application to punish. Moreover, a serious issue is raised as to plaintiff’s financial ability to comply with the order directing the payments.
Defendant, in her reply affidavit submitted on her behalf, requests that alternatively she be awarded a money judgment for the arrears pursuant to section 1171-b of the Civil Practice Act, While this relief was not specifically requested in the order to show cause it is the opinion of the court that it may be made available to her under the omnibus clause of the order to show cause wherein she prayed for “ such other and further relief as to the court may seem just and proper.”
Denial of a motion to hold a defendant in contempt for the nonpayment of alimony does not require the court to refuse to enter a money judgment for arrears. (Weglarz v. Burkiewicz, 275 App, Div. 989.) While the remedy of punishing plaintiff for contempt is not available to the defendant, she may however resort to an application to enter a money judgment. (Mittman v. Mittman, 263 App, Div. 384, 386.) The two types of relief are not mutually exclusive. (Schwartz v. Schwartz, 128 N. Y. S. 2d 810; Tripp, Guide to Motion Practice [Cumulative Supp., 1949-1955], p. 324.) Authority for the granting of the relief under the circumstances here present may be found in Carmody-Wait (Vol. 1, p. 672) wherein it is stated: “ Under a prayer for general relief, however, such as one asking for such other and further relief as may be just, if the motion is opposed, relief allied to the specific relief asked for may be *639 given, to such an extent as the facts presented on the motion warrant. The granting of relief other than that specifically asked for in such case lies in the discretion of the court.”
Accordingly, the motion to punish plaintiff for contempt is denied and the application to enter a money judgment for arrears, pursuant to section 1171-b of the Civil Practice Act, is granted.
Settle order on notice.