Lloyd P. Dodge, J.
Pursuant to section 108 of the Civil Practice Act the defendant moves this court for an order vacating and setting aside a default judgment for $1,025.87 entered in favor of the plaintiff and against her.
On May 29,1957 defendant entered into an installment contract with Howard D. Newins, Inc., a dealer in cars, for the purchase of a new 1957 Ford car. The contract provided for a “ time *774 sale price ’ ’ of $3,425.40, with 36 monthly payments commencing on June 29, 1957. The contract was thereafter assigned by the dealer to the plaintiff. The defendant made monthly payments for the months of June, July, August and September and thereafter defaulted. Subsequently the vehicle was repossessed. Pursuant to notice of sale dated December 9, 1957 the car was offered for sale at public auction on December 19, 1957 and at that time was sold for $1,485. On April 16, 1958, the defendant was served with a summons with notice in an action instituted by the plaintiff for a deficiency judgment. Judgment was entered on or about August 18, 1958 for $1,025.87, after default by the defendant. In November, 1958 the defendant was advised by her employer that a wage garnishee had been issued against the defendant’s wages.
The defendant seeks to vacate and set aside the judgment claiming she has a valid and meritorious defense to the action in that the plaintiff failed to credit her with the reasonable value of the repossessed vehicle in accordance with section 80-b of the Personal Property Law.
Section 108 of the Civil Practice Act provides in substance that relief against default judgments may be accorded by the court where such judgment has been taken through mistake, inadvertence, surprise or excusable neglect. It has long been the practise of the courts of this State to permit actions to be determined by a trial on the merits wherever possible and for that purpose a liberal policy is adopted with respect to opening a default judgment in furtherance of justice to the end that the parties may have their day in court to litigate issues. (Allen v. Fink, 211 App. Div. 411.) Generally, however, a default judgment will not be opened unless it is shown that the default was excusable (Gritz v. Gavigan, 69 N. Y. S. 2d 18) and that the movant has a meritorious defense (Hutchinson v. Weston, 160 Misc. 890). It is well established that the opening of a default is a matter of favor and not of right. (Konnight v. Terpak, 269 App. Div. 759.)
The defendant here provides the court with no reasonable explanation or excuse for her failure to answer the summons served on April 16, 1958, or to explain why steps were not taken by her, or in her behalf, to contest the action which terminated with the entry of a default judgment in August, 1958, some four months later. The sole reason offered to the court on the part of the defendant is that “ defendant was without sufficient funds to retain counsel ”. Such explanation is clearly not within the contemplation of section 108 nor, standing alone, does it justify the exercise of the courts prerogative to open the default for *775 “ mistake, inadvertance, surprise or excusable neglect”. Although defendant has instituted this motion by and through the efforts of the Legal Aid Society of Suffolk County, she offers no explanation or excuse for not having applied for and obtained the assistance of the society at the time the action was commenced in April, 1958 or any time prior to the entry of judgment or thereafter, which assistance was available at all times. Her failure to take measures to protect her alleged rights herein for almost a year after the commencement of the suit consequently may be assessed as a disregard of such rights amounting to willful conduct. It appears to the court that by such failure to act timely in the protection of her own interests, and by her refusal or inability to explain such omission to act, she has forfeited the privilege of obtaining relief herein. On this ground alone the court is justified in denying the defendant’s motion, but the motion should likewise be denied for lack of a meritorious defense.
A compulsory resale of the defendant’s car by the plaintiff under section 79 of the Personal Property Law was not required for the reason that defendant had not paid 50% of the purchase price at the time the repossession occurred, as provided therein. Examination of the installment contract made by the defendant and Horace D. Newins, Inc., shows the defendant may be credited as having paid in $200 in cash as a down payment on signing the contract, $547 as the accepted trade-in value of the defendant’s 1952 Chevrolet, and the four installment payments (June through September, 1958 amounting to $297.60) aggregating $1,044.60, as against the time sale price of $3,425.40 appearing in the said contract. It is readily apparent, therefore, that defendant had not paid in 50% of the purchase price of the car at the time of the repossession of the vehicle.
The plaintiff was under no duty or obligation to resell the automobile pursuant to sections 79 and 80 of the Personal Property Law. Apparently for the protection of the defendant it conducted a sale as hereinabove described and on the affidavits and exhibits considered herein the court is satisfied that the plaintiff did in fact comply with the requirements of said sections.
Having in fact proceeded to sell defendant’s car at auction, it is, however, necessary to examine section 80-b of the Personal Property Law to determine the merits of the defendant’s proposed defense as claimed on this motion. That section provides, inter alia, that if the proceeds of the resale are insufficient to defray the expenses thereof, and also the expenses of retaking, keeping and storing the goods to which the seller may be entitled and the balance due upon the purchase price, the seller may *776 recover the deficiency from the buyer (defendant), provided that where the contract price covering the conditional sale of the goods amounts to $3,000 or less, the buyer may have the reasonable value of the goods at the time of the resale determined in an action brought by the seller to recover the deficiency. Beferring again to the installment contract between defendant and Horace D. Newins, Inc. it discloses that the original contract price covering the conditional sale of - the vehicle amounted to more than $3,000, i.e., $3,425.40. This amount appeared on the contract as the “ time sale price ”. Time sale price is defined in subdivision 4 of section 301 of the Personal Property Law as “ The cash sale price of the motor vehicle, the amount, if any, included for insurance, official fees and credit service charge shall together constitute the time sale price ”. The court construes this to be the contract price mentioned in section 80-b. Under the circumstances here, the defendant does not have the right to reopen the default judgment for the purpose of having the reasonable value of the car at the time of the resale determined.
In view of the conclusions reached above it is unnecessary for the court to pass upon the other contentions raised by defendant in her moving papers.
Motion denied. Settle order.