■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIE ROBINSON, Appellant, v. WILFRED L. DENNO, as Warden of Sing Sing Prison, Respondent. — In a habeas corpus proceeding, relator appeals from an order of the Supreme Court, Westchester County, dated July 24, 1962, which dismissed the writ after a hearing and remanded him to the respondent's custody. Appeal dismissed. Our review of the original papers herein reveals that the relator failed to file in the office of the County Clerk a notice of appeal from the order. We therefore do not have jurisdiction to pass upon the issues raised by the relator. However, if the appeal were properly before us, we would affirm the order on the merits. Christ, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.

■ WILLIAM POWELL et al., Respondents, v. BECKER TRUCK RENTING CORP., Appellant, et al., Defendant. — In a negligence action to recover damages for injury to person and property, defendant Becker Truck Renting Corp. appeals from an order of the Supreme Court, Nassau County, dated March 25, 1963, which: (1) denied its motion to dismiss the action for failure to serve a complaint and for lack of prosecution (former Civ. Prac. Act, §§ 181, 257; former Rules Civ. Prac., rule 156); and (2) granted plaintiffs leave to serve a complaint within a specified time. Order reversed, without costs; motion to dismiss action granted; and complaint dismissed, with leave to plaintiffs to move at Special Term upon proper papers to vacate the order of dismissal, if plaintiffs be so advised. In the absence of evidentiary statements under oath by one with knowledge, from which a determination may be made: (a) that the action has merit; and (b) that there is a valid excuse for the delay here of nearly six months before plaintiffs' attempt to serve a complaint, the Special Term should have granted unconditionally the defendant Becker's motion to dismiss (*Keating* v. *Smith*, 20 A D 2d 141; *Engle* v. *Yankee Realty Corp.*, 16 A D 2d 811). We also call attention that upon motions of this character, correct procedure requires: (1) a cross motion by the plaintiff to be relieved of his default (*Salinger* v. *Hollander*, 19 A D 2d 559); and (2) the submission of a copy of the proposed complaint (*Blasser* v. *Morrisania Milk*, 243 App. Div. 281). Beldock, P. J., Kleinfeld, Brennan, Rabin and Hopkins, JJ., concur.