■ In the Matter of the DEPARTMENT OF BUILDINGS OF THE CITY OF NEW YORK et al., Respondents, v. PHILCO REALTY CORP. et al., Appellants.— Motion for a stay dismissed as academic in view of the decision rendered herewith [24 A D 2d 711.] Concur — Botein, P. J., Breitel, Rabin, Valente and McNally, JJ.

■ ERMINIA GRAZIANO et al., Respondents, v. MARYLOU ALBANESE et al., Appellants.— Order, entered on November 10, 1964, denying defendants' motion pursuant to CPLR 3012 (subd. [b]) to dismiss the action on the ground that plaintiffs have failed to serve a complaint, unanimously reversed, on the law and on the facts, with $30 costs and disbursements to appellants, and the motion to dismiss granted, with $10 costs. The action — which purports to be one for the recovery of damages for personal injuries and to property arising from the collision of two automobiles on October 17, 1958 — was commenced by the service of a summons in October, 1961, just before the three-year Statute of Limitations was to expire. A notice of appearance and a demand for a complaint were served on November 3, 1961. Thereafter, by stipulations, the time to serve the complaint was extended to December 27, 1961. In November, 1963, defendants moved to dismiss the action because plaintiffs had failed to serve a complaint. On the basis of affidavits submitted by plaintiffs to excuse the failure to serve a complaint because of the illness of one of plaintiffs and their attorney, an order was entered on December 30, 1963, denying defendants' motion but directing that plaintiffs serve the complaint within 10 days after publication of that determination. That direction was not complied with, and in May, 1964, defendants made another motion to dismiss. Plaintiffs obtained adjournments of that motion. On October 14, 1964, over the objection of defendants the motion was again adjourned, and plaintiffs on October 16, 1964, served a complaint which the attorneys for defendant promptly rejected. When defendants' motion to dismiss, made in May, 1964, was finally submitted to the court on November 4, 1964, the motion was denied as "academic by virtue of the service of the complaint". In our opinion, plaintiffs have not satisfactorily explained the inordinate delay in serving a complaint in this action. Moreover, there was no adequate showing of any meritorious cause of action. It was, therefore, an improvident exercise of discretion to permit the service of a complaint in the circumstances of this case. Concur — Breitel, J. P., Rabin, Valente, Stevens and Eager, JJ.

■ DIANE CERIA v. ALDO CERIA.— Motion for a stay granted on condition that the defendant pays $40 weekly temporary alimony pending the hearing and determination of the appeal and upon the further condition that the defendant procures the record on appeal and appellant's points to be served and filed on or before September 23, 1965, with notice of argument for October 5, 1965, said appeal to be argued or submitted when reached. Concur — Botein, P. J., Breitel, Rabin, Valente and McNally, JJ.