■ CARLOS ARDILA, as Administrator of the Estate of AMPARO ARDILA, Deceased, et al. Respondents, v ROOSEVELT HOSPITAL, Appellant.—Order, Supreme Court, New York County, entered August 27, 1976, denying defendant's motion to dismiss the action for plaintiffs' failure to serve timely a complaint, affirmed, without costs or disbursements. In opposition to defendant's motion, made July 26, 1976 and returnable August 17, 1976, to dismiss this action for failure to serve the complaint, plaintiffs' attorney submitted his affidavit stating that he had personally served the complaint by mail on July 8, 1976. Defendant claims that service was not made until August 9, 1976. In either case, the complaint has been served prior to the return day of a motion demanding it and therefore Special Term acted properly in denying dismissal. "As under former law, the appearance of the defendant does not automatically entitle him to a copy of the complaint in the absence of a demand." (3 Weinstein-Korn-Miller, NY Civ Prac, par 3012.13.) "A written demand [must be made] for the complaint. If the complaint is not served within twenty days after service of the demand, the court upon motion may dismiss the action" (CPLR 3012, subd [b]). The record does not contain the demand required by CPLR 3012 (subd [b]). Accordingly, there could be no default in service of the complaint. Therefore, the court is without the power to grant the motion to dismiss and plaintiff is not required to offer an excuse for the delay and an affidavit on the merits. Concur—Murphy, J. P., Lupiano, Capozzoli and Nunez, JJ.; Silverman, J., dissents in the following memorandum: Silverman, J. (dissent-

ing). I would reverse the order appealed from and grant the motion to dismiss the complaint without prejudice to appropriate application and showing by plaintiffs as hereinafter indicated. If we accept plaintiffs' contention that the complaint was served by mail on July 8, 1976 (notwithstanding the absence of any contemporaneous evidence thereof or explanation for such absence), the complaint was still served almost four months late. In these circumstances, "correct procedure requires: (1) a cross motion by the plaintiff to be relieved of his default * * * and (2) the submission of a copy of the proposed complaint" *(Powell v Becker Truck Renting Corp.,* 20 AD2d 573), as well as a showing of an appropriate excuse for the delay and of the merits of the action. *(Schwartz v National Fire Ins. Co. of Hartford,* 25 AD2d 727; *Hellner v Mannow,* 41 AD2d 525; *Sakvarelidze v Epstein,* 45 AD2d 864.) None of these requirements has been complied with here.