■ ZISSU, LORE, HALPER & ROBSON, Appellant, v ARLENE SIEGEL et al., Respondents.—Order, Supreme Court, New York County, entered August 5, 1977, which granted defendants' motion to vacate a default judgment entered on April 5, 1977, is unanimously modified, on the law, on the facts and in the exercise of discretion to impose the following conditions on the grant of the motion to vacate, to be satisfied within 20 days of service upon defendants of a copy of the order to be entered herein with notice of entry: (a) that defendants' attorney personally pay $1,000 to plaintiff; (b) that defendants furnish a bond of $20,000 to secure payment of any judgment up to that amount and (c) that defendants pay to plaintiff all costs in the action to date including costs and disbursements on this appeal; and otherwise affirmed, with $40 costs and disbursements to plaintiff. If these conditions are not met, the order is reversed and the motion to vacate denied, with $40 costs and disbursements payable to plaintiff. Defendants' attorney, over a period of six months and 10 separate trial dates (at which plaintiff answered "ready") successfully exhausted the patience of the court, which on April 4,

1977, rejected defendants' request for further adjournment, refused to vacate the defendants' default and directed an inquest which was held on that date. Throughout, defendants' counsel has manifested a callous disregard for the function of the trial court, while remaining sensitive to every other personal, legal and business commitment he had made over this six-month period. It is impossible to translate counsel's conduct into the type of excusable default contemplated by CPLR 5015 (subd [a], par 1); he has played the cavalier and procrastinated to his own detriment. Nevertheless, policy favors disposition of actions on the merits. Consequently, we have imposed the above conditions on the grant of the vacatur of the default judgment giving the defendants one last chance before they are "out of court" because of the outrageous tactics of their attorney. Concur—Lupiano, J. P., Birns, Silverman and Evans, JJ.