■    EMERY ROTH & SONS, Appellant, v NATIONAL KINNEY CORPORATION et al., Defendants, and PRUDENTIAL BUILDING MAINTENANCE CORPORATION, Respondent. (And Another Action.)—Order, Supreme Court, New York County, entered June 22, 1978, confirming the report of the Special Referee recommending that the defendant Prudential Building Maintenance Corporation be granted leave to serve an answer, affirmed, without costs or disbursements. If the answer has not yet been served, then service shall be made within 10 days of service of a copy of this order with notice of entry. The initial motion to enter a judgment by default was granted by Special Term to the extent of directing a reference on "the issues as to the service of a complaint and the circumstances attending the failure to interpose an answer." The reference was held, and the Referee recommended that the defendant Prudential be permitted to interpose an answer. Special Term confirmed the report and recommendation of the Referee. Implicit in the brief report of the Referee was a finding that Prudential was not served with a complaint and therefore could not be in default in answering. Under the circumstances, an affidavit of merits is not necessary. In any event, when the plaintiff has shown no prejudice to its cause, the policy of this court favors disposition of actions on the merits (Zissu, Lore, Halper & Robson v Siegel, 60 AD2d 531, 532). Concur—Lane and Markewich, JJ.; Silverman, J., concurs in a memorandum and Kupferman, J. P., dissents in a memorandum as follows:

Silverman, J. (concurring). I concur for affirmance. I would ordinarily agree with Judge Kupferman that there should be some proof of meritorious defense or a finding of no default by defendant. But in the present case, the facts are such that we can readily anticipate the showing of merit; the action has been pending for three years, during which there has been a good deal of activity, and we think the interests of all concerned will be advanced by eliminating the useless delay incident to further proceedings with respect to opening the alleged default.

Kupferman, J. (dissenting). I dissent and would reverse without prejudice to a further application with an affidavit of merits. A summons in this action for money damages was served in December, 1975, and there was an appearance and a demand for a complaint. The complaint was served by mail, and there is an affidavit covering it. The affiant was unavailable for the hearing before a Referee. However, the affidavit suffices. (Morrissey v Sostar, S. A., 63 AD2d 944.) In February, 1977, the plaintiff moved for a default judgment on the ground that there was a failure by the defendant Prudential Building Maintenance Corporation to move or answer, and the matter was referred to a Referee. The defendant presented an employee of the defendant who would under normal circumstances have been in charge of receiving and keeping track of such process, but she had no record of the receipt of the complaint. The court confirmed the recommendation of the Referee that leave be granted to the defendant to serve an answer. While it

might be possible to reach the conclusion that either the complaint was not served by mail, or that if so served, it was not received, the surrounding circumstances would negate such a result. There was active litigation with the other defendants in the course of which copies of the motion papers containing the complaint were received by this defendant. At the very least, the defendant should have inquired with respect thereto and cannot simply, in view of the circumstances herein, deny any obligation so to do. While, of course, the law favors a determination on the merits rather than by default, we should at least require that this defendant submit an affidavit of merits for its defense. *(Graziano v Albanese,* 24 AD2d 712; cf. *Comeau v Singer Furniture,* 67 AD2d 622.)