■ PAUL M. COMEAU, Respondent, v SINGER FURNITURE, INC., et al., Appellants, et al., Defendants.—Order, Supreme Court, New York County, entered July 28, 1978, denying defendants-appellants' motion to dismiss for failure to serve a complaint, affirmed, with $50 costs and disbursements of this appeal payable to respondent by appellants. The notice of appearance in response to a summons asked merely for "all papers." Thirty-two months later, the next activity was service of a complaint, stated by defendants to be rejected, but actually not returned. CPLR 3012 (subd [b]) is written in specific terms referring only to one "paper": the complaint. The section speaks of how and when it may be served, without any time limitation being stated. Further, it recites how a defendant may compel service of the complaint and how a defendant may proceed if it is not forthcoming in answer to a demand. That demand does not constitute a notice of appearance, nor may it be said that the reverse is true. Only the specific demand described in the statute may trigger the process which may result in dismissal of an action for failure to serve the complaint. And, it is observed in passing, if plaintiff waited unduly long to serve the complaint, defendants waited equally long in proceeding, not to compel its service, but to reject it in an equivocal manner. A case over a century old, written at a time when practice was far different from the complicated scene found today, should not serve as a precedent for dismissal out of hand for endeavoring to serve a complaint before a statutorily based demand was made therefor. In the circumstances, Special Term properly exercised discretion by refusal to dismiss. The complaint having been served, defendants-appellants may answer within 20 days after service of the order entered hereon. Concur—Kupferman, J. P., Lane and Markewich, JJ.

Silverman, J., dissents in a memorandum as follows: I would reverse the order appealed from and grant defendants-appellants' motion to dismiss the action. The action was started by service of a summons without a complaint more than five years after the cause of action, if any, accrued. At least a notice of appearance and demand for "all papers" was served promptly. Plaintiff did absolutely nothing for 32 months after receiving the notice of appearance and then finally served a complaint, which defendants-appellants' attorney said he was rejecting. Quite apart from the technical details as to whether defendants demanded a copy of the complaint or rejected the complaint when finally served, it is clear that no attorney serious about persuing his action would fail to serve a complaint for 32 months and do nothing about the action for that long a period. The circumstances give rise to an almost inescapable inference that the action was abandoned. As to the technical aspects, I would hold that the demand for service of all papers is the equivalent of a demand for the complaint under CPLR 3012 (subd [b]), justifying dismissal of the action. (Cf. *Ferris v Soley,* 23 How Prac 422.) And

I think that it is much too formalistic to say that failure to return physically the copy of the complaint, finally served on defendants, is the legal equivalent of acceptance of the complaint and a waiver of the default, in the face of an express simultaneous statement by the defendants' attorney that he was rejecting the complaint. (Cf. *Miller v Schloss*, 218 NY 400, 406): "A contract cannot be implied *in fact* * * * against the declaration of the party to be charged".