■ MARIO NUNEZ et al., Respondents, v GUSTAVO CAMPANA et al., Appellants, et al., Defendants. — Order, Supreme Court, New York County (Burton S. Sherman, J.), entered April 7, 1983, which denied the renewal motion of defendants Gustavo Campana and Rag Taxi, Inc., is unanimously reversed, on the law, the facts and in the exercise of discretion, renewal motion granted, and, on renewal, defendants' motion to vacate default granted, and plaintiffs are directed to accept the answer, with costs. Appeal from order, Supreme Court, New York (Henry R. Williams, J.), entered on or about January 8, 1983, dismissed as superseded by order of same court, but different Justice (Burton S. Sherman, J.), entered April 7, 1983, without costs. On April 25, 1980, at about 11:00 P.M., plaintiff Mario Nunez (Nunez) was a passenger in a taxicab operated by defendant Gustavo Campana (Campana) and owned by defendant Rag Taxi, Inc. (Rag Taxi). At the intersection of the Bowery with East Houston Street in Manhattan, this taxicab collided with a vehicle operated by defendant Steven Reich (Reich) and owned by defendant Jeffrey Weissman (Weissman). Defendants Reich and Weissman are not parties to this appeal. The plaintiffs, who consist of Nunez and his wife, commenced an action to recover for the injuries suffered by Nunez, as a result of the accident. Plaintiffs claim that Campana was served by "nail and mail" at his apartment located at 94-11 59th Avenue in Rego Park, Queens, and they also claim that Rag Taxi, which was by then a defunct corporation, was served by leaving process with the Secretary of State, pursuant to section 306 of the Business Corporation Law. When plaintiffs did not receive a timely answer from Campana and Rag Taxi, they moved for a default judgment. Denying that they had been served, Campana and Rag Taxi cross-moved for, inter alia, an order compelling the acceptance of their answer. While Justice Williams granted plaintiffs' motion, he denied, without prejudice to renewal, defendants' cross motion, finding that though they showed a meritorious defense, the defendants offered no reasons for the delay in submitting an answer. Thereafter, defendants moved for renewal of their motion. Since Justice Williams had retired, the motion was referred to Justice Sherman, who denied it. We disagree. Our examination of the papers reveals credible evidence to support defendants' position that they have a reasonable excuse for delay. Campana, in an affidavit, denies that he lived in the particular apartment where plaintiffs claim the process was served; and, attorney for Rag Taxi, in an affirmation, shows by attachment of a certified copy of the Secretary of State's records, that Rag Taxi was dissolved as a corporation on March 25, 1981, which was before service was made in 1982 by plaintiffs on the Secretary of State. Also, as found by Justice Williams, we find that the defendants have a meritorious defense, in that defendants raise an issue of fact as to liability since they present a copy of the MV104, wherein the police officer states that witnesses to the accident indicated to that officer that the accident was caused by the excessive rate of speed of the vehicle

operated by nonappealing defendant Reich. Incidentally, once the defendants had notice of the plaintiffs' action, they promptly moved to cure their default. In the instant case the delay was relatively short and "[i]n any event, when the plaintiff has shown no prejudice to its cause, the policy of this court favors disposition of actions on the merits" (*Roth & Sons v National Kinney Corp.,* 67 AD2d 621). Accordingly, we direct the plaintiffs to accept defendants' answer. Concur — Sullivan, J. P., Ross, Fein, Milonas and Alexander, JJ.