■ JUDY WALIS, Respondent, v DONALD B. WALIS, Appellant. (Action No. 1.) DONALD B. WALIS, Appellant, v JUDY WALIS, Respondent. (Action No. 2.) [596 NYS2d 167] —In an action for a separation (Action No. 1), and an action for a divorce (Action No. 2), the husband appeals from (1) an order of the Supreme Court, Nassau County (Colby, J.) dated November 30, 1990, which, *inter alia,* granted the wife's motion

to dismiss Action No. 2 as time-barred, directed a hearing on her motion for enforcement of a pendente lite order of the same court (Burke, J.), dated January 8, 1985, and denied his cross motion to dismiss the complaint in Action No. 1 as abandoned, and (2) an order of the same court, dated March 21, 1991, which denied his motion to dismiss the complaint in Action No. 1 pursuant to CPLR 3012 (b).

Ordered that the appeal from the provision of the order dated November 30, 1990, which directed a hearing on the wife's motion for enforcement of the pendente lite order is dismissed, without costs or disbursements; and it is further,

Ordered that the order dated November 30, 1990, is otherwise modified, on the law and as a matter of discretion, (1) by deleting the provision thereof which denied the husband's motion to dismiss Action No. 1 as abandoned and substituting therefor a provision granting that motion, and (2) by deleting the provision thereof which granted the wife's motion to dismiss the complaint in Action No. 2 as time-barred and substituting therefor a provision denying that motion; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the appeal from the order dated March 21, 1991, is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the order dated November 30, 1990.

The wife commenced an action for separation (Action No. 1), by the service of a summons with notice in October 1984. The husband failed to timely appear in the action. There is no record that a notice of appearance or a demand for a complaint was ever served. By order dated January 8, 1985, the wife was granted pendente lite maintenance and child support. There was no activity in the action until March 1990, at which time the wife moved for a calculation of arrears and to hold the husband in contempt for not complying with the pendente lite order. The husband cross-moved to dismiss Action No. 1 as abandoned under either CPLR 3012 (b) or 3215 (c), and commenced Action No. 2 for a divorce. The wife moved to dismiss the complaint in Action No. 2 on the ground, *inter alia,* that the Statute of Limitations had expired with respect to the causes of action interposed therein.

In the order appealed from dated November 30, 1990, the court, *inter alia,* denied the husband's motion to dismiss Action No. 1 and granted the wife leave to serve a complaint within 20 days, ordered a hearing on the wife's motion for a

calculation of arrears and to hold the husband in contempt, and granted the wife's motion to dismiss the complaint in Action No. 2 as time-barred. When the wife failed to serve her complaint as directed, the husband moved to dismiss the action for lack of prosecution under CPLR 3012 (b). In the order appealed from, dated March 21, 1991, the court denied the motion and accepted the late service of the complaint.

The husband contends that the court erred in denying his motion to dismiss Action No. 1 in the order dated November 30, 1990. We agree. Although the action was not subject to dismissal under CPLR 3012 (b), since there never was a demand for a complaint before that motion was made *(see, Ardila v Roosevelt Hosp.,* 55 AD2d 557; *see also, Comeau v Singer Furniture,* 67 AD2d 622), Action No. 1 should have been dismissed pursuant to CPLR 3215 (c), which provides that an action *"shall"* be dismissed if a plaintiff fails to seek a default judgment within one year after the default, unless the plaintiff can show "sufficient cause" for failing to do so. In the instant case, the husband concededly failed to make a timely appearance in Action No. 1. The excuse offered by the wife for her failure to seek a default judgment failed to adequately explain the five-year period of inactivity that followed the husband's default *(see, e.g., Universal C.I.T. Credit Corp. v Bacon,* 19 Misc 2d 773). In light of her failure to establish a reasonable excuse for the five-year delay, Action No. 1 is dismissed as abandoned *(see,* CPLR 3215 [c]; *Eaves v Ocana,* 122 AD2d 18).

The husband further contends that if Action No. 1 is dismissed as abandoned, then the wife may no longer seek enforcement of the 1985 pendente lite order, and a hearing should not be held on her motion for enforcement. However, since no appeal lies as of right from a provision of an order directing a hearing on a motion, the appeal from that provision of the order dated November 30, 1990 is dismissed *(see, Palma v Palma,* 101 AD2d 812). We further note that although the general rule is that "the right to enforce payment of [maintenance] pendente lite by contempt proceedings ends when the action in which it was awarded is terminated by settlement, abandonment, discontinuance, or dismissal of the complaint, or after the entry of a final judgment in the action" (2 Foster, Freed and Brandes, Law and the Family New York § 4:29, at 575, citing *Polizotti v Polizotti,* 305 NY 176; *Mittman v Mittman,* 263 App Div 384; *see also,* 19A Carmody-Wait 2d, NY Prac § 118:135, at 264-265), the rule in the Appellate Division, Second Department, is that the court

may enforce a pendente lite order by granting leave to enter a money judgment for arrears pursuant to Domestic Relations Law § 244, even after the termination of the action (see, *Patricia Lynn N. v Vincent Michael N.,* 152 AD2d 547, 548; see also, 2 Foster, Freed and Brandes, Law and the Family New York § 4:17, at 557-558; 19A Carmody-Wait 2d, NY Prac § 118:111, at 212-213). Accordingly, although the wife may no longer pursue the contempt proceeding after the dismissal of Action No. 1, the court may still grant leave to enter a money judgment for arrears.

The court also erred when it granted the wife's motion to dismiss the complaint in Action No. 2 on Statute of Limitations grounds. Domestic Relations Law § 210 (a), expressly provides that the five-year Statute of Limitations for divorce actions does not apply to claims of abandonment. Thus, the husband's causes of action sounding in abandonment and constructive abandonment were not time-barred. Moreover, the husband's second cause of action alleges cruel and inhuman treatment that occurred during the five years immediately preceding the commencement of the divorce action. Accordingly, it was error to dismiss the husband's divorce action as time-barred.

In view of the above disposition, we need not reach the husband's remaining contentions. Bracken, J. P., Sullivan, Balletta and Copertino, JJ., concur.