IRA POLLACK, Respondent-Appellant, v ANDRA POLLACK, Appellant-Respondent. [770 NYS2d 435]—

In a matrimonial action in which the parties were divorced by

judgment dated November 21, 1995, the defendant former wife appeals, as limited by her brief, from stated portions of an order of the Supreme Court, Queens County (Satterfield, J.), dated July 15, 2002, which, after a hearing, inter alia, granted that branch of the cross motion of the plaintiff former husband which was for downward modification of his child support obligation to the extent of reducing his child support obligation to $850 per week effective July 21, 2002, and denied that branch of her motion which was for an award of alleged child support arrears in the sum of $53,201.83, and the plaintiff cross-appeals, as limited by his brief, from stated portions of the same order, which, inter alia, directed him to pay synagogue dues for the defendant and the children, and imputed income to him for the purpose of recalculating his child support obligation.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was for an award of alleged child support arrears in the sum of $53,201.83; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a hearing and determination of whether the sum of $53,201.83 is due and owing, and for entry of a money judgment for any portion of that sum due and owing and any arrears of child support accruing between January 1, 2001, and July 15, 2002, which remain outstanding.

In recalculating the plaintiff's child support obligation, the court properly imputed an annual income of $40,000 to the defendant (*see Morrissey v Morrissey,* 259 AD2d 472 [1999]), and $225,000 to the plaintiff (*see Mellen v Mellen,* 260 AD2d 609 [1999]). Since the original amount of child support was set by the court and not by stipulation, all that is required for modification is a substantial change in circumstances (*see* Domestic Relations Law § 236 [B] [9] [b]; *Matter of Love v Love,* 303 AD2d 756 [2003]; *Weiss v Weiss,* 294 AD2d 566 [2002]). The defendant's increase in income and ability to be self-supporting were valid considerations in determining her obligation to contribute to the children's support, especially since one of the stated reasons for the original child support award was the fact that she was "not gainfully employed" at the that time (*see Matter of Love v Love, supra*). The Supreme Court properly refused to grant downward modification retroactive to the date of the plaintiff's cross motion, since its determination was based upon the relative financial positions of the parties at the time of the hearing.

As noted by the Supreme Court, the plaintiff improperly

resorted to self-help when he unilaterally decreased his child support payments from the sum of $951.23 per week to the sum of $650 per week beginning January 1, 2001, and owed the difference between those two sums for the 80-week period between January 1, 2001, and July 15, 2002, the date of the order appealed from.

That branch of the defendant's motion which was for an award of $53,201.83 in alleged arrears of child support was improperly denied without a hearing. With respect to those alleged arrears, the Supreme Court informed the parties that it was "interested in testimony only in post judgment arrears" based upon the plaintiff's argument that the judgment of divorce was "law of the case." We note that $47,701.83 of the $53,201.83 accrued pursuant to the judgment of divorce itself, which increased child support from the $500 per week awarded pendente lite to $894.23 retroactive to July 12, 1993. This amount only became due and owing upon entry of the judgment of divorce.

The remaining $5,500 consisted of the sum of $500 per week child support due pursuant to the pendente lite order for an 11-week period between the conclusion of the trial of the divorce action and the trial court's issuance of a decision. That claim could not have been considered at the trial of the divorce action.

After entry of a judgment of divorce, contempt is no longer an available remedy to enforce a pendente lite order. However, the pendente lite order may be enforced through entry of a money judgment (see Walis v Walis, 192 AD2d 598 [1993]; Patricia Lynn N. v Vincent Michael N., 152 AD2d 547 [1989]). In addition to seeking to hold the plaintiff in contempt of his child support obligations, the defendant sought an "award," interest, and costs, and "such other and further relief as the Court deems just and proper." Her motion satisfied the requirement of Domestic Relations Law § 244 that a money judgment for support arrears shall be made "[u]pon application to the court" (see Walis v Walis, supra; Apelbaum v Apelbaum, 16 Misc 2d 636 [1959]).

In view of the foregoing, we remit the matter to the Supreme Court, Queens County, for a hearing and determination of whether $53,201.83 is due and owing, and for entry of a money judgment for any portion of that sum due and owing. In calculating these alleged arrears, "[t]he Supreme Court must determine the amount of pendente lite child support actually paid, and the portion of the carrying charges for the marital residence which the [former husband] paid that can appropriately be attributed to pendente lite child support rather than pendente lite mainte-

nance" (*Miller v Miller,* 299 AD2d 463, 465 [2002]). Further, a money judgment may be entered for child support arrears, if any, accruing between January 1, 2001, and July 15, 2002, which remain outstanding.

The issues of custody and visitation are not before this Court. At the hearing, the defendant's attorney stated that the issue of whether the defendant should be awarded sole custody was "[n]o longer an issue." The order appealed from granted the plaintiff the visitation he requested without objection.

The defendant's contention that the plaintiff should be directed to pay certain expenses for private school for the parties' older child and certain summer camp expenses is without merit. The judgment of divorce required the parties to mutually confer and decide upon all important issues related to the children's health, education, and welfare. The parties did not mutually confer and decide with respect to what summer camp the children would attend, nor did they mutually confer and decide upon a private school for the parties' older child. Accordingly, the plaintiff's obligation to pay such expenses was never triggered (*see Pollack v Pollack,* 276 AD2d 613 [2000]).

The parties' remaining contentions either are unpreserved for appellate review, not properly before this Court, or without merit. Santucci, J.P., S. Miller, Goldstein and Cozier, JJ., concur.