■ In the Matter of BETH E. GREEN, Appellant, v RICHARD I. SILVER, Respondent. [949 NYS2d 67]—

In a child support proceeding pursuant to Family Court Act

article 4, the mother appeals from an order of the Family Court, Nassau County (Singer, J.), dated June 27, 2011, which denied her objections to so much of three orders of the same court all dated April 7, 2011 (Cahn, S.M.), as denied her cross motion to limit the issues in the proceeding to the father's income, granted that branch of the father's motion which was to dismiss the proceeding for failure to state a cause of action, and dismissed the proceeding.

Ordered that the order dated June 27, 2011, is modified, on the law, by deleting the provision thereof denying the portions of the mother's objections to so much of the orders dated April 7, 2011, as granted that branch of the father's motion which was to dismiss the proceeding for failure to state a cause of action and dismissed the proceeding, and substituting therefor provisions granting those portions of the objections and vacating those portions of the orders dated April 7, 2011; as so modified, the order dated June 27, 2011, is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Nassau County, for further proceedings on the mother's modification petition.

In a stipulation of settlement incorporated but not merged into their judgment of divorce, the parties agreed, among other things, to "waive their right to fix the child support obligations under the Child Support Standards Act for the period up to July 31, 2007," during which time the father, a licensed urologist who was attending law school, would make no payments to the mother for the support of the parties' child. The stipulation further provided: "Beginning August 1, 2007, the Husband agrees to pay the Wife child support pursuant to the Child Support Standards Act based upon his earnings at the time." In an April 2008, order, the father was directed to pay child support to the mother in the amount of $818, twice per month, which was based upon the father's salary at the time of $125,000 per year as a first year associate in a law firm. The mother commenced this proceeding in March 2010 for an upward modification, alleging that the father was now employed as a urologist earning approximately $350,000 per year. Upon dismissal of the proceeding by the Support Magistrate on the ground that the mother failed to state a cause of action for modification, the mother filed objections with the Family Court, some of which were denied. This appeal ensued.

A review of the stipulation reveals that, with the exception of the period during which the father was finishing law school, "the parties clearly did not intend to 'opt-out' of the [Child Support Standards Act] guidelines, but intended to follow them"

(*Matter of Huddleston v Huddleston*, 14 AD3d 511, 512 [2005]). Accordingly, the Family Court should have applied the standard for modification applicable to child support obligations set by the court and not by stipulation (*see Pollack v Pollack*, 3 AD3d 482, 483 [2004]; former Domestic Relations Law § 236 [B] [9] [b], as superceded by L 2010, ch 182, §§ 7, 13), instead of the more burdensome standard applicable to proceedings to modify child support obligations provided for in a stipulation of settlement incorporated but not merged into a judgment of divorce (*see Matter of Gravlin v Ruppert*, 98 NY2d 1, 5 [2002]).

Where "the original amount of child support was set by the court and not by stipulation, all that is required for modification is a substantial change in circumstances" (*Pollack v Pollack*, 3 AD3d at 483). Here, the father's nearly three-fold increase in earnings was sufficient to state a cause of action for modification and, therefore, the proceeding should not have been dismissed (*id.*; *see Matter of Chariff v Carl*, 191 AD2d 795, 796 [1993]). Given the procedural posture of this case, we remit the matter to the Family Court, Nassau County, for further proceedings on the mother's modification petition (*see Matter of Brescia v Fitts*, 56 NY2d 132, 140-141 [1982]).

However, the Support Magistrate properly denied the mother's cross motion to limit the issues to the father's income, since "[t]he [custodial parent's] financial status is also a proper consideration for the court in making its determination" (*Matter of Boden v Boden*, 42 NY2d 210, 212 [1977]). Skelos, J.P., Leventhal, Belen and Roman, JJ., concur.