Curran v Curran (2021 NY Slip Op 01753)





Curran v Curran


2021 NY Slip Op 01753


Decided on March 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
PAUL WOOTEN, JJ.


2017-12657
 (Index No. 21759/14)

[*1]Matthew Curran, appellant,
v
Jean E. Curran, respondent.


Frederic C. Foster, P.C., Westhampton, NY (Erik C. Howard of counsel), for appellant.
Albert Kostrinsky, Great Neck, NY, for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Suffolk County (John J. Leo, J.), dated September 28, 2017. The order, insofar as appealed from, in effect, denied those branches of the plaintiff's cross motion which were (1) to direct the defendant to pay the sum of $16,538.02 for the defendant's 50% share of carrying costs on the marital residence and unreimbursed medical expenses for the children incurred from January 2016 to March 2017, and (2) to direct the defendant to pay the sum of $14,909.44, representing 52% of the plaintiff's expenses for federal and state income taxes in 2013 and 2014.
ORDERED that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof, in effect, denying that branch of the plaintiff's cross motion which was to direct the defendant to pay the sum of $16,538.02 for the defendant's 50% share of carrying costs on the marital residence and unreimbursed medical expenses for the children incurred from January 2016 to March 2017, and substituting therefor a provision granting that branch of the plaintiff's cross motion to the extent of awarding the plaintiff a credit against amounts owed to the defendant in the sum of $8,981.53; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.
The parties were married with two children. In 2014, the plaintiff commenced this action for a divorce and ancillary relief. Thereafter, the plaintiff moved for pendente lite relief, inter alia, to direct the defendant to pay 50% of the carrying costs on the marital residence. In an order dated January 26, 2015, the Supreme Court, among other things, directed the parties to evenly split the carrying costs for both the marital residence and unreimbursed medical expenses for the parties' children. In an order dated January 11, 2017, made after a trial, the court, inter alia, directed that the defendant pay 52% and the plaintiff pay 48% of certain marital debt in the sum of $48,650, consisting of the defendant's unpaid income taxes for 2013 and 2014.
In April 2017, the defendant moved, inter alia, to direct the plaintiff to pay the sum of $23,350, representing 48% of the unpaid income taxes for 2013 and 2014, in accordance with the January 11, 2017 order. In May 2017, the plaintiff cross-moved, among other things, (1) to direct the defendant to pay the sum of $28,198.30, representing the defendant's unpaid 50% share of [*2]carrying costs on the marital residence and unreimbursed medical expenses for the children incurred from the issuance of the pretrial order dated January 26, 2015, to March 2017, and (2) to direct the defendant to pay the sum of $14,909.44, representing 52% of federal and state income taxes paid by the plaintiff in 2013 and 2014, in light of the directive in the January 11, 2017 order that the plaintiff pay 48% of the defendant's unpaid taxes for those years. On June 30, 2017, the Supreme Court entered a judgment of divorce.
In an order dated September 28, 2017, the Supreme Court, inter alia, in effect, denied those branches of the plaintiff's cross motion which were (1) to direct the defendant to pay the sum of $28,198.30 for the defendant's share of carrying costs on the marital residence and unreimbursed medical expenses for the children incurred from January 26, 2015, to March 2017, and (2) to direct the defendant to pay the sum of $14,909.44, representing 52% of federal and state income taxes paid by the plaintiff in 2013 and 2014. The plaintiff appeals from the September 28, 2017 order.
On appeal, the plaintiff limits his contention regarding the defendant's unpaid share of carrying costs on the marital residence and unreimbursed medical expenses for the children to arguing that he is entitled to a credit in the sum of $16,538.02, representing the sum of $10,513.14 for expenses incurred during the year 2016, in addition to the sum of $6,024.98, representing expenses incurred from January 2017 to March 2017.
Contrary to the plaintiff's contention, the Supreme Court properly, in effect, denied that branch of his cross motion which was to direct the defendant to pay the sum of $14,909.44, representing 52% of the plaintiff's expenses for federal and state income taxes in 2013 and 2014. While "outstanding financial obligations incurred during the marriage which are not solely the responsibility of the spouse who incurred them may be offset against the total marital assets to be divided," "there must be an offer of proof that the debts constitute marital expenses" (Feldman v Feldman, 204 AD2d 268, 270). Here, the plaintiff failed to present evidence establishing that his personal income tax expenses in 2013 and 2014 reflected a marital debt (see Milnes v Milnes, 50 AD3d 750, 751; Wexler v Wexler, 34 AD3d 458, 460).
However, the Supreme Court erred by, in effect, denying that branch of the plaintiff's cross motion which was to direct the defendant to pay her 50% share of carrying costs on the marital residence and unreimbursed medical expenses for the children incurred from January 2016 to March 2017. Even after the entry of a judgment of divorce, a pendente lite order may be enforced through the entry of a money judgment (see Spencer v Spencer, 159 AD3d 174, 182; Pollack v Pollack, 3 AD3d 482, 484). Thus, neither the occurrence of the trial nor the issuance of the posttrial order precluded the enforcement of the order dated January 26, 2015, which, inter alia, directed the parties to evenly split the carrying costs for the marital residence and unreimbursed medical expenses for the children.
We note, however, that the plaintiff failed to present sufficient evidence to support some of his claims for arrears, as the plaintiff relied, in part, on unverified financial data sheets (see Miller v Miller, 18 AD3d 629, 630; Matter of Nowacki v Nowacki, 90 AD2d 795, 796), and documents which failed to identify the marital residence as the property at issue. We find that the plaintiff sufficiently established his entitlement to a credit against amounts owed to the defendant in the sum of $8,981.53 for the defendant's unpaid share of carrying costs on the marital residence and unreimbursed medical expenses for the children.
The parties' remaining contentions are without merit.
DILLON, J.P., AUSTIN, DUFFY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court