■ MARY S. BERGNER, Appellant, v LLOYD BERGNER, Respondent.—In an action for divorce and ancillary relief, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Ruskin, J.), entered July 11, 1989, as granted her motion to enforce certain terms of a pendente lite order of the same court, dated January 11, 1989, only to the extent of directing that a hearing be held on the motion at the time of the trial of the action.

Ordered that on the court's own motion the plaintiff's notice of appeal is treated as an application for leave to appeal, the application is referred to Justice Sullivan, and leave to appeal is granted by Justice Sullivan (see, CPLR 5701 [b] [1]); and it is further,

Ordered that the order is modified by deleting the provision thereof scheduling the hearing for the time of trial of the action, and substituting therefor a provision directing that the hearing be held immediately; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith.

The record reveals that, during the pendency of this divorce action between the parties, the plaintiff wife obtained an order awarding her certain pendente lite relief. That order included, inter alia, an award of temporary maintenance and a provision requiring that the defendant husband permit her the continued use of an Audi automobile and pay all expenses for automobile insurance and repairs necessary for the maintenance of the vehicle. Thereafter, the parties entered into a

stipulation wherein, among other things, the defendant agreed to substantially increase the amount of temporary mainte- nance and the plaintiff agreed to vacate the marital residence and acquire accommodations elsewhere. Subsequent to the execution of this stipulation, the plaintiff obtained an estimate for certain automobile repairs and forwarded it to the defen- dant for payment. The defendant refused payment, taking the position that the parties' stipulation excused him from mak- ing such payments and that the provisions of the pendente lite order had been merged in the stipulation. The plaintiff then moved to enforce the provision of the pendente lite order concerning automobile expenses, and the Supreme Court granted the motion to the extent of directing a hearing on the issue of the parties' intent in entering into the stipulation. The hearing was to take place at the time of the trial of the action. We now modify the order to require that the hearing be held immediately.

At the outset, we note that the order is not appealable as of right. It is well settled that an order which directs a hearing to aid in the disposition of a motion is not appealable as of right because it does not decide the motion (CPLR 5701 [a] [2]; see, e.g., *Morrissey v Morrissey,* 153 AD2d 609; *Bettino v Bettino,* 112 AD2d 181; *Astuto v New York Univ. Med. Center,* 97 AD2d 805). However, in the present case, the plaintiff claims that she is severely prejudiced by that portion of the order which directs that the hearing be held *at the time of trial of the matrimonial action,* inasmuch as the postpone- ment of the hearing to such an unknown future date pre- cludes her from receiving in *timely* fashion the pendente lite relief to which she claims she is entitled. Hence, given these circumstances, her notice of appeal from the order is treated as an application for leave to appeal, and that application is granted.

Turning to the merits, we agree with the Supreme Court that the conflicting affidavits of the parties, and the language of the stipulation itself, warrant an evidentiary hearing to determine whether the parties intended the stipulation to excuse the defendant from his obligations under the pendente lite order to provide the plaintiff with an automobile and to pay all expenses in connection therewith. However, inasmuch as the motion concerns the plaintiff's claim of entitlement to certain pendente lite relief, the hearing directed by the Su- preme Court should be held immediately rather than at the time of trial of the divorce action. Accordingly, we remit the

matter to the Supreme Court for this purpose. Mangano, P. J., Bracken, Sullivan and Miller, JJ., concur.