LISA MINTZ, Respondent, v STEVEN G. MINTZ, Appellant. [698 NYS2d 889] —In an action for a divorce and ancillary relief, the defendant husband appeals from an order of the Supreme Court, Nassau County (Kohn, J.), entered August 5, 1998, which (1) referred his motion for downward modification of his pendente lite support and maintenance obligations to the trial court for determination, and (2) granted the plaintiff wife's cross motion for an additional interim attorney's fee in the amount of $10,000.

Ordered that the appeal from so much of the order as referred the defendant's motion for downward modification of his pendente lite support and maintenance obligations to the trial court is dismissed; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the respondent is awarded one bill of costs.

Two months after the Supreme Court issued a pendente lite order fixing the defendant's temporary support and maintenance obligations, he moved for downward modification of those

amounts upon the ground that there had been a substantial change in his circumstances. In opposition to the motion, the plaintiff disputed the defendant's claim that his financial condition had deteriorated since the issuance of the pendente lite order. Faced with conflicting claims from the parties, the Supreme Court referred the defendant's motion to the trial court for determination.

The defendant may not appeal, as of right, from the portion of the order which referred his motion to the trial court for determination, since it merely deferred resolution of his motion until trial, where the parties' financial circumstances may be fully explored without the additional delay of an interim hearing. Under these circumstances, the challenged ruling does not affect a substantial right (*see,* CPLR 5701 [a]; *see also, Marine Midland Bank v Rashid,* 259 AD2d 739; *Walis v Walis,* 192 AD2d 598, 600). Accordingly, the defendant's appeal from that portion of the order is dismissed.

Contrary to the defendant's contention, the plaintiff's application for an additional interim attorney's fee was supported by sufficient documentation to establish that such an award was necessary to enable her to properly prosecute this action (*see,* Domestic Relations Law § 237 [a]). Moreover, considering the respective financial circumstances of the parties, and the issues involved in this case, the Supreme Court did not improvidently exercise its discretion in awarding the wife an additional interim attorney's fee (*see, DeCabrera v Cabrera-Rosete,* 70 NY2d 879; *Appold v Savaglio,* 249 AD2d 347; *Piali v Piali,* 247 AD2d 455). O'Brien, J. P., Krausman, Florio and Feuerstein, JJ., concur.