■ J & A VENDING, INC., Appellant, v J.A.M. VENDING, INC., Respondent. (And a Third-Party Action.) [701 NYS2d 670] —In an action, *inter alia,* to recover damages for breach of contract,

the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Burke, J.), dated May 15, 1998, as granted that branch of the defendant's motion which was for leave to renew the plaintiff's prior motion to find that the defendant was in default of a stipulation of settlement, and, upon renewal, denied the motion and set the matter down for trial, and referred to the trial court its cross motion to compel the defendant to become current on certain financial obligations under the stipulation of settlement.

Ordered that the appeal from so much of the order as referred the cross motion to the trial court is dismissed, without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The portion of the order which referred the cross motion of the plaintiff to the trial court did not decide the cross motion and therefore is not appealable as of right (*see,* CPLR 5701 [a] [2] [v]; *Matter of Kohn v Lawrence,* 240 AD2d 496, 497; *Barbarita v Shilling,* 115 AD2d 630; *Bagdy v Progresso Foods Corp.,* 86 AD2d 589).

The Supreme Court providently exercised its discretion in granting the defendant's motion for leave to renew the prior motion of the plaintiff to find that the defendant was in default of a stipulation of settlement, and upon renewal, denying the prior motion and setting the matter down for trial (*see, Perla Assocs. v Ginsberg,* 256 AD2d 303; *Margino v Avasso,* 250 AD2d 652; *Liberty Mut. Ins. Co. v Allstate Ins. Co.,* 237 AD2d 260; *Vayser v Waldbaum, Inc.,* 225 AD2d 760). The parties' submissions raise various factual issues that cannot be resolved as a matter of law. Ritter, J. P., Friedmann, Feuerstein and Schmidt, JJ., concur.