DEBRA WEISSMAN, Appellant, v RONALD WEISSMAN, Respondent. [777 NYS2d 679]—

In an action, inter alia, for a divorce and ancillary relief, the plaintiff appeals, as limited by her notice of appeal and brief, from stated portions of an order of the Supreme Court, Westchester County (Spolzino, J.), dated July 28, 2003, which, inter alia, (1) set a valuation date for the defendant's medical practice as the date of its merger into another medical practice, (2)

denied that branch of her motion which was to enjoin the defendant from gambling, and (3) deferred until trial a decision on that branch of her motion which was for reimbursement of certain medical expenses.

Ordered that the appeal from so much of the order as deferred until trial a decision on that branch of the plaintiff's motion which was for reimbursement of medical expenses is dismissed; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiff contends that the trial court erred in concluding that the defendant's medical practice should be valued as of the date he merged his individual practice into a group practice known as Cardiology Consultants of Westchester, P.C. However, for purposes of equitable distribution, the valuation date of marital assets can be set at "anytime from the date of commencement of the action to the date of trial" (Domestic Relations Law § 236 [B] [4] [b]). The appropriate date for measuring the value of marital property is left to the sound discretion of the trial court (*see* Domestic Relations Law § 236 [B] [4] [b]). Here the trial court providently exercised its discretion in selecting the merger date, which was approximately five months after commencement of the divorce action, as the valuation date for the defendant's medical practice (*see Lipsky v Lipsky,* 276 AD2d 753 [2000]; *Trivedi v Trivedi,* 222 AD2d 499 [1995]; *Heine v Heine,* 176 AD2d 77, 87-88 [1992]; *Cohn v Cohn,* 155 AD2d 412 [1989]).

The trial court also properly denied that branch of the plaintiff's motion which was to enjoin the defendant from gambling. The plaintiff failed to demonstrate that the defendant's alleged gambling resulted in any wasteful dissipation of marital assets (*see Reich v Reich,* 278 AD2d 214 [2000]; *cf. Maillard v Maillard,* 211 AD2d 963 [1995]; *O'Sullivan v O'Sullivan,* 154 AD2d 850, 852 [1989]).

Finally, a party may not appeal, as of right, from so much of an order as merely defers disposition of a motion until trial (*see Mintz v Mintz,* 266 AD2d 439 [1999]). Accordingly, the appeal from that portion of the order which deferred until trial the resolution of that branch of the plaintiff's motion which was for reimbursement of her yoga classes as unreimbursed medical expenses, for which the defendant was liable, is dismissed as leave to appeal has not been granted (*see Mintz v Mintz, supra; Enzien v Enzien,* 149 AD2d 783 [1989]; *cf. Bergner v Bergner,* 170 AD2d 421, 422 [1991]).

The plaintiff's remaining contentions are without merit. Santucci, J.P., Smith, Crane and Fisher, JJ., concur.