◼ Leo Kaplan, Respondent, v Arthur P. Rosiello, Appellant. [792 NYS2d 523]—

In an action, inter alia, to recover damages for medical malpractice, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated May 11, 2004, as denied that branch of his motion which was for summary judgment dismissing the complaint or to preclude the plaintiff from offering evidence at trial regarding his claim of medical malpractice, and referred to the trial court those branches of his motion which were to preclude the plaintiff from offering evidence at trial regarding his claims of lack of informed consent, damages due to drug withdrawal, and damages due to lost earnings.

Ordered that the appeal from so much of the order as referred to the trial court those branches of the motion which were to preclude the plaintiff from offering evidence at trial regarding his claims of lack of informed consent, damages due to drug withdrawal, and damages due to lost earnings is dismissed; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

A party may not appeal as of right from so much of an order as merely defers disposition of a motion until trial (*see Weiss-*

*man v Weissman,* 8 AD3d 264 [2004]; *J&A Vending v J.A.M. Vending,* 268 AD2d 504 [2000]). Accordingly, the appeal from so much of the order as referred to the trial court those branches of the defendant's motion which were to preclude the plaintiff from offering evidence at trial regarding his claims of lack of informed consent, damages due to drug withdrawal, and damages due to lost earnings must be dismissed, as leave to appeal has not been granted (*see Weissman v Weissman, supra; J&A Vending v J.A.M. Vending, supra*).

The Supreme Court properly denied that branch of the defendant's motion which was for summary judgment dismissing the complaint, as the motion was made well after the 120-day limit imposed by CPLR 3212 (a) and the defendant failed to demonstrate good cause for the delay in making the motion (*see Miceli v State Farm Mut. Auto. Ins. Co.,* 3 NY3d 725 [2004]; *Brill v City of New York,* 2 NY3d 648 [2004]).

The Supreme Court properly denied that branch of the defendant's motion which was to preclude the plaintiff from offering evidence at the time of trial on the issue of medical malpractice, since the plaintiff's bill of particulars adequately provides a general statement "of the acts or omissions constituting the negligence claimed" (CPLR 3043 [a] [3]). Similarly, the plaintiff's response to the defendant's demand for expert information discloses "in reasonable detail the subject matter on which [the] expert is expected to testify" (CPLR 3101 [d] [1] [i]).

The defendant's remaining contentions are without merit. Florio, J.P., S. Miller, Luciano and Mastro, JJ., concur.