■ Rose Beharry, Plaintiff, v Ulrich Guzman, Defendant, and North Shore-Long Island Jewish Health System et al., Appellants. Matthew Jay Warmund, Nonparty Respondent. [822 NYS2d 612]—

In an action, inter alia, to recover damages, in effect, for employment discrimination in violation of Executive Law § 296, the defendants North Shore-Long Island Jewish Health System and North Shore University Hospital, Inc., appeal from so much of an order of the Supreme Court, Nassau County (Joseph, J.), dated March 10, 2005, as referred to the trial court those branches of their motion which were to impose a sanction on the plaintiff's attorney, and for an award of costs, including an attorney's fee, pursuant to 22 NYCRR 130-1.1.

Ordered that the appeal is dismissed, without costs or disbursements.

Alleging that the plaintiff's counsel engaged in frivolous

conduct within the meaning of 22 NYCRR 130-1.1, the defendants North Shore-Long Island Jewish Health System and North Shore University Hospital, Inc. (hereinafter the Hospital), moved, inter alia, to impose a sanction on the plaintiff's counsel, and for an award of costs, including an attorney's fee. In an order dated March 10, 2005, among other things, those branches of the Hospital's motion which were to impose a sanction and for an award of costs were referred to the trial court for disposition. The Hospital appeals from that portion of the order, purportedly as of right.

A party may not appeal as of right from so much of an order that merely defers disposition of a motion until trial (see CPLR 5701 [a] [2] [v]; *Kaplan v Rosiello*, 16 AD3d 626, 626-627 [2005]; *Weissman v Weissman*, 8 AD3d 264, 265 [2004]; *J & A Vending v J.A.M. Vending*, 268 AD2d 504, 505 [2000]). Accordingly, the appeal must be dismissed, as leave to appeal has not been granted (see *Kaplan v Rosiello, supra*; *Weissman v Weissman, supra*). Miller, J.P., Goldstein, Mastro and Dillon, JJ., concur.