■ Anesthesia Associates of Mount Kisco, LLP, et al., Respondents-Appellants, v Northern Westchester Hospital Center et al., Appellants-Respondents, et al., Defendant. [844 NYS2d 446]——

In an action, inter alia, to recover damages for breach of contract, the defendants except the defendant Northeastern Anesthesia Services, P.C., appeal, as limited by their briefs, from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered May 3, 2006, as granted that branch of the plaintiffs' motion which was to impose sanctions upon them for spoliation of evidence, and the plaintiffs cross-appeal from so much of the same order as deferred determination of the appropriate sanction for spoliation of evidence until the trial of the action.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the cross appeal is dismissed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The record is clear that, at the time an employee of the defendant Northern Westchester Hospital Center disposed of the relevant records, the respondents were on notice of the plaintiffs' claims and document demands, and should have maintained the records, which were clearly relevant to the claims and within the scope of those document demands (*see Denoyelles v Gallagher*, 40 AD3d 1027 [2007]). Accordingly, the Supreme Court properly determined that a sanction should be imposed against the respondents for spoliation of evidence.

The Supreme Court deferred determination of the nature of the sanction to be imposed until the trial of the action, and the plaintiffs cross-appeal from that portion of the order. However, no appeal lies as of right from an order which defers disposition of a motion until trial (*see Kaplan v Rosiello*, 16 AD3d 626 [2005]). Leave to cross-appeal from the provision of the order which deferred determination of the sanction until the trial has not been obtained (*see Weissman v Weissman*, 8 AD3d 264 [2004]), and we decline to grant leave to cross-appeal. Schmidt, J.P., Rivera, Krausman and Goldstein, JJ., concur.