■ Ann Marie Nathel, Appellant, v Sheldon Nathel, Respondent. [866 NYS2d 153]—

Order, Supreme Court, New York County (Marian Lewis, Special Ref.), entered April 30 (dated March 27), 2008, which to the extent appealed from, limited the scope and duration of plaintiff's deposition of defendant, unanimously affirmed, without costs. Appeal from order, same court and Referee, entered April 30 (dated April 28), 2008, to the extent it denied plaintiff's application to preclude defendant's expert from relying on a document allegedly not produced, unanimously dismissed, without costs; the aforesaid order insofar as it precluded plaintiff from introducing at trial a real estate appraisal prepared or to be prepared pursuant to an earlier court order, unanimously modified, on the law and the facts, plaintiff permitted to introduce the appraisal provided it is served within a time to be set by the court following remand, and otherwise affirmed, without costs.

In light of plaintiff's two-year delay in seeking to take defendant's deposition and the imminence of trial, the referee did not improvidently exercise her discretion in limiting the scope and duration of defendant's deposition (CPLR 3103 [a]; *Kingsgate Assoc. v Advest, Inc.*, 208 AD2d 356 [1994]).

The referee properly exercised her discretion in denying plaintiff's application to preclude defendant from introducing

two expert reports that were served after the deadline set by the court. Preclusion of expert reports on the ground of failure to comply with the rules governing exchange of reports is generally unwarranted, absent a showing that the noncompliance was willful or the party seeking preclusion was prejudiced by the lateness of the exchange (CPLR 3101 [d] [1] [i]; 22 NYCRR 202.16 [g] [2]; *McDermott v Alvey, Inc.*, 198 AD2d 95 [1993]). Here, defendant believed that the deadline for exchange of all expert reports had been extended one week. Even assuming defendant was mistaken, plaintiff did not show any prejudice resulting from the claimed one-week delay in service of the two expert reports.

However, we find that the referee improvidently exercised her discretion in precluding plaintiff from using a real estate appraisal of the marital residence prepared or to be prepared pursuant to a court-ordered stipulation. Such a stipulation generally will be enforced unless the parties' agreement is shown to have been the product of fraud, overreaching or duress (*Perito v Perito*, 135 AD2d 623 [1987]). Since no date was ever set for completion of the appraisal, there was no basis for precluding it on the ground of lateness, especially since preclusion would result in a lack of evidence on a key issue to be determined at trial. Upon remand, the trial court should set a date for the appraisal to be completed and furnished to the parties in advance of the expert's testimony.

The referee's denial of plaintiff's request to strike part of defendant's expert report concerning business valuation is not reviewable, since she indicated that the issue would be revisited at trial, and the record is insufficient for this Court to make a determination on the merits (*see Beharry v Guzman*, 33 AD3d 741, 742 [2006]). Concur—Lippman, P.J., Saxe, Friedman, Sweeny and Acosta, JJ.