■ DARLENE FOSSING, Respondent, v TOWNSEND MANOR INN, INC., Appellant, and ANTHONY PERGOLIZZI, Respondent. (Action No. 1.) ANTHONY CHRISTOPHER PERGOLIZZI, Respondent, v COUNTY OF SUFFOLK et al., Defendants, and TOWNSEND MANOR INN, INC., Appellant. (Action No. 2.) DARLENE FOSSING, Respondent, v FERRANDINO & SON, INC., et al., Appellants. (Action No. 3.) ANTHONY CHRISTOPHER PERGOLIZZI, Respondent, v FERRANDINO & SON, INC., et al., Appellants. (Action No. 4.) [900 NYS2d 101]—

In four related actions to recover damages for personal injuries which were joined for discovery and trial, Townsend Manor Inn, Inc., a defendant in action Nos. 1 and 2, appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated January 29, 2009, as denied its motion to dismiss the complaint in action No. 2 insofar as asserted against it as a sanction for spoliation of evidence and for summary judgment on its cross claims against Anthony Pergolizzi, a defendant in action No. 1 and the plaintiff in action Nos. 2 and 4, and Ferrandino & Son, Inc., and Ferrandino & Son Environmental, Inc., the defendants in action Nos. 3 and 4, appeal, as limited by their brief, from so much of the same order as denied their cross motion to dismiss the complaint in action No. 4 as a sanction for spoliation of evidence, for summary judgment dismissing the complaint in action No. 4, and for summary judgment on their cross claims against Anthony Christopher Pergolizzi in action No. 4.

Ordered that the order is modified, on the law, on the facts, and in the exercise of discretion, by deleting the provision thereof denying those branches of the motion of Townsend Manor Inn, Inc., and the cross motion of Ferrandino & Son, Inc., and Ferrandino & Son Environmental, Inc., which were to impose a sanction for spoliation of evidence, and substituting therefor a provision granting those branches of the motion and the cross motion to the extent of directing Anthony Christopher Pergolizzi to disclose all of the information he has regarding the subject boat, including, inter alia, any data, tests, and analyses he performed, precluding him from arguing or presenting evidence at trial that the subject boat was not the cause of the fire at issue, and directing that an adverse inference charge be given at trial as to the defective condition of the boat, and otherwise denying those branches of the motion and the cross motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the appellants appearing separately and filing separate briefs.

On August 29, 2004, Darlene Fossing, the plaintiff in action Nos. 1 and 3, was a passenger on board a boat owned and operated by Anthony Christopher Pergolizzi, a defendant in action No. 1 and the plaintiff in action Nos. 2 and 4. During or upon completion of refueling of the boat at a marina operated by the Townsend Manor Inn, Inc. (hereinafter Townsend), a defendant in action Nos. 1 and 2, in Greenport, the boat caught fire. As a result of an explosion, or as a result of attempting to extinguish the fire, or as a result of both, Fossing and Pergolizzi allegedly sustained multiple burn injuries. Several months before the alleged accident, Ferrandino & Son, Inc., and/or Ferrandino & Son Environmental, Inc., the defendants in action Nos. 3 and 4, installed certain equipment at the marina pursuant to a contract with Townsend.

Although Pergolizzi conceded that he discarded the subject boat, despite a court order to maintain it for discovery and inspection, the appellants did not demonstrate that, as a result, they are "prejudicially bereft of the means of prosecuting" their own claims or of defending themselves against those claims brought against them by Fossing and Pergolizzi (*Weber v Harley-Davidson Motor Co., Inc.*, 58 AD3d 719, 722 [2009] [internal quotation marks omitted]; *see Kirschen v Marino*, 16 AD3d 555, 556 [2005]). Therefore, the Supreme Court providently exercised its discretion in, inter alia, declining to strike Pergolizzi's complaints as a sanction for spoliation of evidence (*see Weber v Harley-Davidson Motor Co., Inc.*, 58 AD3d at 722; *E.W. Howell Co., Inc. v S.A.F. La Sala Corp.*, 36 AD3d 653, 654-655 [2007];

*Klein v Ford Motor Co.*, 303 AD2d 376, 377 [2003]). A lesser sanction, however, was warranted, given the appellants' inability to attempt to establish from an inspection of the boat that the fire at issue was caused by some defect of the boat. Therefore, the Supreme Court should have granted those branches of the appellants' motion and cross motion which were to impose a sanction for the spoliation of evidence to the extent of directing Pergolizzi to disclose all of the information he has regarding the subject boat, including, among other things, any data, tests, and analyses he performed, precluding Pergolizzi from arguing or presenting evidence at trial that the subject boat was not the cause of the fire at issue, and directing that the appellants are entitled to an adverse inference charge as to the defective condition of the boat (*see Tapia v Royal Tours Serv., Inc.*, 67 AD3d 894 [2009]; *Weber v Harley-Davidson Motor Co., Inc.*, 58 AD3d at 722-723; *Utica Mut. Ins. Co. v Berkoski Oil Co.*, 58 AD3d 717, 719 [2009]; *Yechieli v Glissen Chem. Co., Inc.*, 40 AD3d 988, 989 [2007]).

We note that any contentions raised by Fossing on behalf of Pergolizzi have not been considered because her contentions are not properly before this Court.

The appellants' remaining contentions are without merit. Rivera, J.P., Santucci, Eng and Chambers, JJ., concur.