■ JOANNE FEASTER, Respondent, v THAMI BOULABAT et al., Appellants. [908 NYS2d 677]—

Order, Supreme Court, Bronx County (Geoffrey D. Wright, J.), entered April 20, 2010, which, to the extent appealed from, denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendants failed to meet their initial burden of establishing prima facie that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Their examining orthopedist found limitations in range of motion in plaintiff's cervical and lumbar spines and both knees, and opined that these were attributable to degenerative changes. However, plaintiff testified that she had been asymptomatic before her car accident, and her orthopedic surgeon opined in a report submitted by defendants that plaintiff's injuries were causally related to the accident. Moreover, defendants' orthopedist's opinion that, while plaintiff may have sustained injuries to her cervical and lumbar spines and left knee in the accident, these injuries had resolved, is belied by the limitations in range of motion that he found in those areas (see Pommells v Perez, 4

NY3d 566, 577-578 [2005]; *Linton v Nawaz,* 62 AD3d 434, 438-439 [2009], *affd* 14 NY3d 821 [2010]). In view of defendants' failure to establish their prima facie case, we need not consider the sufficiency of plaintiff's opposition (*Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]; *Glynn v Hopkins,* 55 AD3d 498, 498 [2008]).

The report of defendants' orthopedist suggesting that plaintiff's injuries had resolved was based on an examination of plaintiff performed almost one year after the subject accident and was thus insufficient to show that plaintiff did not sustain a 90/180-day injury (*see Toussaint v Claudio,* 23 AD3d 268, 268 [2005]). Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Acosta and Román, JJ.