■ MOHAMMAD ZINNAH, Respondent, v ISABELLA CITY CARTING CORP. et al., Appellants. [941 NYS2d 627]—Order, Supreme Court, Bronx County (Stanley Green, J.), entered August 3, 2011, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Assuming that defendants met their burden, the record presents triable issues of fact as to whether the injuries plaintiff sustained to his lumbar spine and to his cervical spine were serious within the meaning of Insurance Law § 5102 (d). Plaintiff submitted the affirmed MRI reports revealing multiple herniations, as well as the affirmation of a neurologist who found diminished range of motion in multiple planes, and attributed the subject accident as the cause. Plaintiff also submitted the affidavit of his chiropractor who noted diminished ranges of motion, addressed causation, and explicitly rejected degeneration as the cause of the spinal injuries (see Yuen v Arka Memory Cab Corp., 80 AD3d 481 [2011]). In view of the foregoing, it is unnecessary to address plaintiff's proof with respect to the injuries he sustained to his left knee (see Linton v Nawaz, 14 NY3d 821 [2010]).

Defendants failed to establish their entitlement to judgment as a matter of law as to the 90/180-day claim. Defendants failed to meet their burden as to causation, and none of their experts examined plaintiff during the relevant period of time (see Feaster v Boulabat, 77 AD3d 440 [2010]; Alexandre v Dweck, 44 AD3d 597 [2007]).

We have considered defendants' remaining contentions and find them unavailing. Concur—Andrias, J.P., Friedman, Moskowitz, Freedman and Manzanet-Daniels, JJ.