■ Ivy SAMAROO, Respondent-Appellant, v BOGOPA SERVICE CORP. et al., Appellants-Respondents. [964 NYS2d 255]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Saitta, J.), dated November 17, 2011, as granted that branch of the plaintiff's motion which was pursuant to CPLR 3126 to impose a sanction upon them for spoliation of evidence to the extent of striking their ninth and tenth affirmative defenses and precluding them from offering testimony at trial to contradict the plaintiff's claim of adequate notice, and the plaintiff cross-appeals, as limited by her brief, from so much of the same order as denied that branch of her motion which was pursuant to CPLR 3126 to impose a sanction upon the defendants for spoliation of evidence to the extent of striking the defendants' entire answer and deferred determination, until the trial of the action, of that branch of her motion which was to direct that an adverse inference charge be given at trial.

Ordered that the cross appeal from so much of the order as deferred determination, until the trial of the action, of that branch of the plaintiff's motion which was to direct that an adverse inference charge be given at trial is dismissed, without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

"Under the common-law doctrine of spoliation, when a party negligently loses or intentionally destroys key evidence, the responsible party may be sanctioned under CPLR 3126" (*Hol-*

*land v W.M. Realty Mgt., Inc.*, 64 AD3d 627, 629 [2009]). "The Supreme Court has broad discretion in determining what, if any, sanction should be imposed for spoliation of evidence" (*Lentz v Nic's Gym, Inc.*, 90 AD3d 618, 618 [2011]; *see Ortega v City of New York*, 9 NY3d 69, 76 [2007]). It may, under appropriate circumstances, impose a sanction "even if the destruction occurred through negligence rather than wilfulness, and even if the evidence was destroyed before the spoliator became a party, provided [the party] was on notice that the evidence might be needed for future litigation" (*DiDomenico v C & S Aeromatik Supplies*, 252 AD2d 41, 53 [1998]; *see Lentz v Nic's Gym, Inc.*, 90 AD3d at 618; *Iannucci v Rose*, 8 AD3d 437, 438 [2004]).

The nature and severity of the sanction depends upon a number of factors, including, but not limited to, the knowledge and intent of the spoliator, the existence of proof of an explanation for the loss of the evidence, and the degree of prejudice to the opposing party (*see* 1A NY PJI3d 1:77, Comment; 6-3126 Weinstein-Korn-Miller, NY Civ Prac CPLR ¶ 3126.05). This Court will substitute its judgment for that of the Supreme Court only if its discretion was exercised improvidently (*see Holland v W.M. Realty Mgt., Inc.*, 64 AD3d at 629).

Here, contrary to the plaintiff's contention on her cross appeal, the Supreme Court providently exercised its discretion in denying that branch of her motion which was pursuant to CPLR 3126 to impose a sanction upon the defendants for spoliation of evidence to the extent of striking the defendants' entire answer (*see Coleman v Putnam Hosp. Ctr.*, 74 AD3d 1009, 1011 [2010]; *Fossing v Townsend Manor Inn, Inc.*, 72 AD3d 884, 885-886 [2010]; *Gotto v Eusebe-Carter*, 69 AD3d 566, 568 [2010]; *Weber v Harley-Davidson Motor Co., Inc.*, 58 AD3d 719, 722 [2009]; *Lamb v Maloney*, 46 AD3d 857, 858 [2007]). Under the circumstances of this case, however, a lesser sanction was warranted and, contrary to the defendants' contention on their appeal, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was pursuant to CPLR 3126 to impose a sanction upon them for spoliation of evidence to the extent of striking their ninth and tenth affirmative defenses and precluding them from offering testimony at trial to contradict the plaintiff's claim of adequate notice (*see Aloyts v 601 Tenant's Corp.*, 84 AD3d 1287, 1288 [2011]; *Fossing v Townsend Manor Inn, Inc.*, 72 AD3d at 886; *Weber v Harley-Davidson Motor Co., Inc.*, 58 AD3d at 722-723; *Mylonas v Town of Brookhaven*, 305 AD2d 561, 563 [2003]).

A party may not appeal as of right from so much of an order as merely defers disposition of a motion until trial (*see Anesthe-*

*sia Assoc. of Mount Kisco, LLP v Northern Westchester Hosp. Ctr.*, 44 AD3d 975, 976 [2007]; *Beharry v Guzman*, 33 AD3d 741, 742 [2006]; *Kaplan v Rosiello*, 16 AD3d 626, 626-627 [2005]). Accordingly, the cross appeal from so much of the order as deferred determination, until the trial of the action, of that branch of the plaintiff's motion which was to direct that an adverse inference charge be given at trial must be dismissed, as leave to cross-appeal from that portion of the order has not been obtained (*see Anesthesia Assoc. of Mount Kisco, LLP v Northern Westchester Hosp. Ctr.*, 44 AD3d at 976; *Beharry v Guzman*, 33 AD3d at 742; *Kaplan v Rosiello*, 16 AD3d at 626-627), and we decline to grant leave. Rivera, J.P., Hall, Roman and Miller, JJ., concur.