■ Sallie M. Herman, Respondent, v Gerald J. Moore et al., Appellants. [967 NYS2d 25]—

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered October 17, 2012, which, in this action for personal injuries sustained in a motor vehicle accident, denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The court providently exercised its discretion in considering defendants' medical reports. Although they were first disclosed after the filing of the note of issue and certificate of readiness, plaintiff cannot claim prejudice where defendants' summary judgment motion had been adjourned, at plaintiff's request, to provide her with the opportunity to obtain medical evidence to formulate her opposition (*see Serbia v Mudge*, 95 AD3d 786, 786-787 [1st Dept 2012]). Nor does defendants' failure to timely submit the report of their neurologist in compliance with the compliance conference order mandate preclusion, since defendants had adequately demonstrated that the late submission was neither wilful nor prejudicial to plaintiff (*see Nathel v Nathel*, 55 AD3d 434 [1st Dept 2008]).

Nevertheless, defendants failed to meet their burden of establishing that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Defendants submitted the reports of their expert neurologist, Dr. Elkin, who examined plaintiff in 2010, and of a neurologist and orthopedist who examined her in 2008. While all three diagnosed plaintiff with resolved cervical and lumbar sprain/strain, Dr. Elkin and one of the other doctors found significant limitations in range of motion of the cervical spine (*see Bernardez v Babou*, 83 AD3d 499 [1st Dept 2011]; *Feaster v Boulabat*, 77 AD3d 440 [1st Dept 2010]). Dr. Elkin opined that the continuing limitations were likely due to degenerative conditions shown in plaintiff's MRI reports. However, the other two doctors concluded, upon examinations of plaintiff and review of her medical records, that her injuries were caused by the accident. Such conflicts among the medical reports submitted by defendants preclude summary judgment (*see Feaster*, 77 AD3d at 440).

In view of defendants' failure to meet their burden with respect to the cervical spine injury, we need not consider the sufficiency of plaintiff's opposition (*see Santos v New York City Tr. Auth.*, 99 AD3d 550 [1st Dept 2012]), or determine whether she raised an issue of fact as to any other claimed injury (*see Linton v Nawaz*, 14 NY3d 821, 822 [2010]). Concur—Sweeny, J.P., Saxe, Moskowitz, Gische and Clark, JJ.