■ RICHARD WINER et al., Respondents, v MICHELE ALIANI et al., Appellants. [42 NYS3d 861]—

In an action, inter alia, to recover damages for medical malpractice, etc., the defendants appeal from an order of the Supreme Court, Nassau County (Sher, J.), entered August 4, 2015, which denied that branch of their motion which was to compel the plaintiff Richard Winer to undergo a second independent medical examination, and referred to the trial court that branch of their motion which was, in effect, to preclude a missing witness charge against them for failing to call an examining physician.

Ordered that the appeal from so much of the order as referred to the trial court that branch of the defendants' motion which was, in effect, to preclude a missing witness charge against them for failing to call an examining physician is dismissed; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

A party may not appeal as of right from so much of an order as merely defers disposition of a motion until trial (*see Kaplan v Rosiello*, 16 AD3d 626 [2005]; *Weissman v Weissman*, 8 AD3d 264, 265 [2004]; *J & A Vending v J.A.M. Vending*, 268 AD2d 504, 505 [2000]). Accordingly, the appeal from so much of the order as referred to the trial court that branch of the defendants' motion which was, in effect, to preclude a missing witness charge against them for failing to call an examining physician must be dismissed, as leave to appeal has not been granted (*see Kaplan v Rosiello*, 16 AD3d at 627).

Contrary to the defendants' contention, the Supreme Court

providently exercised its discretion in denying that branch of their motion which was to compel the plaintiff Richard Winer (hereinafter the plaintiff) to undergo a second independent medical examination (hereinafter IME). "The supervision of disclosure and the setting of reasonable terms and conditions therefor rests within the sound discretion of the trial court and, absent an improvident exercise of that discretion, its determination will not be disturbed" (*Mattocks v White Motor Corp.*, 258 AD2d 628, 629 [1999] [citation omitted]; *see Tucker v Bay Shore Stor. Warehouse, Inc.*, 69 AD3d 609, 609-610 [2010]). Here, the defendants failed to demonstrate that unusual and unanticipated circumstances developed subsequent to the filing of the note of issue to justify a second IME of the plaintiff (*see* 22 NYCRR 202.21 [d]; *Giordano v Wei Xian Zhen*, 103 AD3d 774, 775 [2013]; *cf. Bermejo v New York City Health & Hosps. Corp.*, 135 AD3d 116 [2015]). Rivera, J.P., Chambers, Roman and LaSalle, JJ., concur.