Yinuo Yin v Xiao Feng Qiao (2022 NY Slip Op 01839)





Yinuo Yin v Xiao Feng Qiao


2022 NY Slip Op 01839


Decided on March 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.


2021-00733
 (Index No. 800114/20)

[*1]Yinuo Yin, appellant,
v
Xiao Feng Qiao, respondent.


Wang Law Office, PLLC, Flushing, NY (Jean Wang of counsel), for appellant.
Law Office of Yang and Partners (Cindy A. Prusinowski, Hempstead, NY, of counsel), for respondent.
Jason A. Isaacson, Jericho, NY, attorney for the child.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Nassau County (Edmund M. Dane, J.), entered December 21, 2020. The order, insofar as appealed from, referred to the trial court that branch of the plaintiff's motion which was for sole legal and physical custody of the parties' child, denied that branch of the plaintiff's motion which was for an award of pendente lite maintenance, and granted the defendant's cross motion pursuant to 22 NYCRR 130-1.1 to impose sanctions against the plaintiff's attorney to the extent of directing the plaintiff to pay the sum of $2,000.
ORDERED that the appeal from so much of the order as referred to the trial court that branch of the plaintiff's motion which was for sole legal and physical custody of the parties' child is dismissed; and it is further,
ORDERED that the order is modified, on the law, on the facts, and in the exercise of discretion, by deleting the provision thereof granting the defendant's cross motion pursuant to 22 NYCRR 130-1.1 to impose sanctions against the plaintiff's attorney to the extent of directing the plaintiff to pay the sum of $2,000, and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements.
A party may not appeal as of right from so much of an order as merely defers disposition of a motion until trial (see Kaplan v Rosiello, 16 AD3d 626; Weissman v Weissman, 8 AD3d 264; J & A Vending v J.A.M. Vending, 268 AD2d 504). Accordingly, the appeal from so much of the order as referred to the trial court that branch of the plaintiff's motion which was for sole legal and physical custody of the parties' child must be dismissed, as leave to appeal has not been granted (see Kaplan v Rosiello, 16 AD3d 626; Weissman v Weissman, 8 AD3d 264; J & A Vending v J.A.M. Vending, 268 AD2d 504). A trial concerning custody of the child should be held with all convenient speed (see Minjin Lee v Jianchuang Xu, 131 AD3d 1013, 1015).
Contrary to the plaintiff's contention, the Supreme Court properly denied that branch of her motion which was for an award of pendente lite maintenance, without prejudice, because she [*2]failed to attach a statement of net worth to her motion papers (see 22 NYCRR 202.16[k][2]; Barton v Barton, 137 AD3d 723, 724).
However, the Supreme Court erred in granting the defendant's cross motion pursuant to 22 NYCRR 130-1.1 to impose sanctions against the plaintiff's attorney to the extent of directing the plaintiff to pay the sum of $2,000. "Pursuant to 22 NYCRR 130-1.1, a court in a civil action may award reasonable attorney's fees resulting from frivolous conduct. Conduct is frivolous within the meaning of 22 NYCRR 130-1.1, inter alia, where it is 'completely without merit in law' or is 'undertaken primarily . . . to harass or maliciously injure another'" (Stanecky v Stanecky, 200 AD3d 819, 821, quoting 22 NYCRR 130-1.1[c][1], [2] [citation omitted]). "'In addition to or in lieu of awarding costs, the court, in its discretion may impose financial sanctions upon any party or attorney in a civil action or proceeding who engages in frivolous conduct'" (Tamburello v Tamburello, 165 AD3d 1006, 1007, quoting 22 NYCRR 130-1.1[a]). "'The decision of whether to award sanctions and the amount or nature of those sanctions is generally entrusted to the trial court's sound discretion'" (Battinelli v Battinelli, 192 AD3d 957, 960, quoting Matter of Khan-Soleil v Rashad, 111 AD3d 727, 728).
Here, the Supreme Court erred by imposing sanctions on the plaintiff herself, when the defendant's cross motion sought sanctions against the plaintiff's attorney. Moreover, based on the record before us, the actions of the plaintiff's attorney were neither completely without merit in law nor undertaken primarily to harass or maliciously injure. Accordingly, the court should have denied the defendant's cross motion pursuant to 22 NYCRR 130-1.1 to impose sanctions against the plaintiff's attorney.
CONNOLLY, J.P., CHRISTOPHER, ZAYAS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court