Rocco Rescelo & Son Plumbing & Heating, LLC v Plank, LLC (2023 NY Slip Op 00022)

Rocco Rescelo & Son Plumbing & Heating, LLC v Plank, LLC

2023 NY Slip Op 00022

Decided on January 5, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 5, 2023

535045
[*1]Rocco Rescelo & Son Plumbing & Heating, LLC, Plaintiff,
v
Plank, LLC, Defendant and Third-Party Plaintiff-Appellant; Dutch Village, LLC, et al., Third-Party Defendants-Respondents.

Calendar Date:November 14, 2022

Before:Garry, P.J., Clark, Aarons, Pritzker and McShan, JJ.

Whiteman Osterman & Hanna LLP, Albany (Christopher M. McDonald of counsel), for defendant and third-party plaintiff-appellant.
Hinman, Howard & Kattell, LLP, Albany (Paul C. Marthy of counsel), for third-party defendants-respondents.

Aarons, J.
Appeal from an order of the Supreme Court (Thomas D. Buchanan, J.), entered February 17, 2022 in Schenectady County, which denied defendant's motion for, among other things, partial summary judgment on its third-party complaint.
In 2015, defendant entered into a contract with third-party defendants wherein defendant would serve as a general contractor for a project involving the construction of four apartment buildings. The 2015 contract provided that third-party defendants had the right to terminate such contract for cause after giving defendant 10 days written notice. Following issues surrounding defendant's work, the parties, in a July 2017 termination agreement, mutually terminated the 2015 contract. In the July 2017 termination agreement, however, the parties reserved their right to any claims they may have had under the 2015 contract.
In 2018, plaintiff commenced this action alleging that defendant owed it money in connection with the construction project and asserted claims for breach of contract and an account stated. Defendant thereafter commenced a third-party action alleging, as relevant here, that third-party defendants breached the 2015 contract. Following joinder of issue in the third-party action, defendant moved for, among other things, summary judgment on its breach of contract claim. Supreme Court denied the motion. Defendant appeals. We affirm.
Defendant contends that third-party defendants brought in a nonparty to replace defendant as the general contractor prior to when the parties agreed to the July 2017 termination agreement and that, by doing so and by failing to comply with the 10-day written notice provision, third-party defendants breached the 2015 contract.[FN1] To support this contention, defendant tendered the contract between the nonparty and third-party defendants and relies on a provision therein stating that the nonparty was to complete "all unfinished and corrective work . . . resulting from the termination of the previous general contractor." Defendant also noted that this contract was entered into between the nonparty and third-party defendants in May 2017 — i.e., prior to the execution of the July 2017 termination agreement. Defendant also tendered a June 2017 email from the nonparty to third-party defendants requesting to set up a field office at the construction site. A member of defendant further averred that he was never advised that third-party defendants had formally engaged the nonparty to replace defendant as the general contractor for the project when he signed the July 2017 termination agreement.
Meanwhile, the general manager for third-party defendant Albany Management, Inc. averred that, at various times in 2016, defendant was advised about deficiencies and issues with its work and was requested to remediate them. Third-party defendants tendered proof that, in September 2016, defendant and its subcontractors stopped work on the construction project and that, in April 2017, the parties were in [*2]the process of negotiating and agreeing to a mutual termination of the 2015 contract. Third-party defendants also submitted proof reflecting that defendant was expected to be off the construction site by the beginning of May 2017. The record further discloses that, in June 2017, defendant's former counsel gave consent to third-party defendants to allow them to continue with the construction project and to negotiate with defendant's subcontractors. Regarding the contract between the nonparty and third-party defendants, the general manager stated that it was formally executed only after defendant had provided consent to resume construction. In addition, an email indicated that defendant's member was notified prior to when the July 2017 termination agreement was executed that the nonparty had been engaged to be the construction manager for the project.[FN2]
As Supreme Court noted, the parties' respective proof reflected "markedly different" narratives of the events leading to the execution of the July 2017 termination agreement and the involvement of the nonparty prior to that time. In view of the questions of fact surrounding whether the nonparty replaced defendant as the general contractor prior to the execution of the July 2017 termination agreement, the court correctly denied defendant's motion (see Roos v King Constr., 179 AD3d 857, 859 [2d Dept 2020]; Bombardier Capital v Reserve Capital Corp., 295 AD2d 793, 794 [3d Dept 2002]; Troy Sand & Gravel Co. v Clark-Windsor Bus. Park, 256 AD2d 903, 904 [3d Dept 1998]). Defendant's remaining arguments have been considered and are unavailing.
Garry, P.J., Clark, Pritzker and McShan, JJ., concur.
ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1: In response to defendant's statement of material facts, third-party defendants admitted that they never sent a notice to terminate the 2015 contract.

Footnote 2: Contrary to defendant's assertion, Supreme Court acted within its discretion in considering various emails submitted in third-party defendants' opposition. It is not entirely clear from the record that these emails were specifically subject to a preclusion order as defendant maintains. Moreover, defendant failed to show any prejudice by any purported late disclosure of them (see Herman v Moore, 106 AD3d 666, 667 [1st Dept 2013]).