Weiguo Cai v Cohen (2023 NY Slip Op 50693(U))

[*1]

Weiguo Cai v Cohen

2023 NY Slip Op 50693(U)

Decided on June 23, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 23, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., CHEREÉ A. BUGGS, LOURDES M. VENTURA, JJ.

2022-803 RI C

Weiguo Cai, Appellant,
against
Dennis O. Cohen, Respondent. 

Weiguo Cai, appellant pro se.
Dennis O. Cohen, respondent pro se.

Appeal from an order of the Civil Court of the City of New York, Richmond County (Robert J. Helbock, Jr., J.), entered September 21, 2022. The order granted the branch of defendant's motion seeking to dismiss the complaint and granted the branch of defendant's motion seeking sanctions against plaintiff to the extent of setting the matter down for a hearing on that issue.

ORDERED that so much of the appeal as is from the portion of the order which granted the branch of defendant's motion seeking sanctions against plaintiff to the extent of setting the matter down for a hearing on that issue is dismissed, as no appeal as of right lies from that portion of the order (see CCA 1702 [a] [2]) and leave to appeal has not been granted; and it is further,
ORDERED that the order, insofar as reviewed, is affirmed, without costs.
Plaintiff commenced this action to recover $25,000, alleging an abuse of process. Defendant moved to dismiss the complaint for failure to state a cause of action (see CPLR 3211 [a] [7]) and for sanctions (see Rules of Chief Admr of Cts [22 NYCRR] § 130-1.1). In an order entered September 21, 2022, the Civil Court granted the branch of defendant's motion seeking to dismiss the complaint and granted the branch of the motion seeking sanctions to the extent of setting the matter down for a hearing on that issue.
We note that the branch of defendant's motion seeking sanctions was decided, after a [*2]hearing, in an order dated October 25, 2022. However, plaintiff's notice of appeal only lists the September 21, 2022 order as the order being appealed. "An order which directs a judicial hearing to aid in the disposition of a motion is not appealable as of right because it does not decide the motion, and does not affect a substantial right" (Akerman v Akerman, 53 AD3d 633, 633 [2008] [internal quotation marks omitted]; see CCA 1702 [a] [2]; Bergner v Bergner, 170 AD2d 421, 422 [1991]). Consequently, so much of plaintiff's appeal as is from the portion of the September 21, 2022 order scheduling a hearing on the issue of sanctions must be dismissed.
"On a motion to dismiss pursuant to CPLR 3211 (a) (7), the court must accept as true the facts as alleged in the pleading and submissions in opposition to the motion, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Kaufman v Kaufman, 206 AD3d 805, 806 [2022]; see Whitebox Concentrated Convertible Arbitrage Partners, L.P. v Superior Well Servs., Inc., 20 NY3d 59, 63 [2012]). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005]).
In his complaint, plaintiff alleged an abuse of process by defendant, an attorney, in his representation of Paypal, Inc. Legal Department, the defendant in another action commenced by plaintiff, by orally requesting that plaintiff email him a document and then, when plaintiff refused, "threaten[ing]" plaintiff with dismissal of that action. Plaintiff further claimed that defendant was going to use the document to "set up a scam, . . . sell [his] case, or something bad."
In order to prevail on a cause of action for abuse of process, a plaintiff must establish the following three elements: "(1) regularly issued process, either civil or criminal, (2) an intent to do harm without excuse or justification, and (3) use of the process in a perverted manner to obtain a collateral objective" (Curiano v Suozzi, 63 NY2d 113, 116 [1984]). "The gist of the action for abuse of process lies in the improper use of process after it is issued" (Williams v Williams, 23 NY2d 592, 596 [1969] [internal quotation marks omitted]; see Marks v Marks, 113 AD2d 744, 745 [1985]). Additionally, "there must be an unlawful interference with one's person or property under color of process in order that action for abuse of process may lie" (Williams v Williams, 23 NY2d at 596), and "a malicious motive alone does not give rise to a cause of action to recover damages for abuse of process" (Goldman v Citicore I LLC, 149 AD3d 1042, 1045 [2017] [internal quotation marks omitted]; see Curiano v Suozzi, 63 NY2d at 117). As plaintiff's complaint does not allege that any process was ever issued with respect to defendant's request for a document, plaintiff failed to establish the element of "regularly issued process, either civil or criminal" (Curiano v Suozzi, 63 NY2d at 116). Moreover, the facts as stated in the complaint do not demonstrate "an unlawful interference with one's person or property" (Williams v Williams, 23 NY2d at 596), as defendant was entitled to obtain relevant documents from plaintiff, pursuant to CPLR 3102 (a) and CPLR 3120. Consequently, plaintiff failed to sufficiently state a cause of action for abuse of process, and, thus, the Civil Court properly dismissed the complaint.
Accordingly, the order, insofar as reviewed, is affirmed.
TOUSSAINT, P.J., BUGGS and VENTURA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 23, 2023